LOESER ET AL. *v.* LOESER.

[No. 13,145. Filed November 1, 1928.]

*Ernest C. Smith,* for appellants.

*Dunten & Dunten* and *Luke H. Wrigley,* for appellee.

McMahan, J.—This is an action by appellee, Leopold Loeser, against Charlotte E. Loeser and J. A. Campbell, administrator of the estate of Solomon Loeser. The complaint is in two paragraphs, the first being an ordinary complaint to quiet title. The second paragraph alleges that appellee is the owner in fee simple and in possession of certain real estate in Noble county; that Charlotte E. Loeser is the widow of Solomon Loeser and the other named defendant was the administrator of his estate; that neither of said defendants had in fact any interest in said real estate but that each of them falsely claimed and asserted that such real estate was a part of the partnership property and assets of a partnership of which appellee and Solomon Loeser at the time of his death were partners and that, by reason of such fact, they claimed an interest in said real estate superior to the title of appellee; that said claims constituted a cloud upon appellee's title; that each of said defendants, on and prior to March 20, 1925, was threatening to bring suit to have such real estate declared to be the property of said partnership and to have the same ordered sold as such; that on said day, appellee, to remove from his title said claims and to relieve himself from entering into litigation, agreed with the defendants that he would

pay them $5,000 in full satisfaction of all their alleged
rights and claims in said real estate; and that, on said
day, the defendants agreed with plaintiff in consideration
of the payment of $5,000, the defendant Charlotte would
execute to appellee a quit-claim deed conveying to him
all her right and interest in said real estate and that said
administrator as such would execute a written release
of any interest in said real estate, said contract being
reduced to writing. A copy of this contract, signed by
appellee, by an attorney in fact, and signed by "Dunten
& Dunten, L. H. Wrigley, attorneys for Charlotte E.
Loeser" was made a part of this paragraph of complaint,
followed by an allegation that Dunten and Dunten and
Wrigley as her attorneys were lawfully authorized by her
to execute said contract on her behalf; that appellee had
performed all the conditions of said contract; that the
defendants had repudiated the contract and notified ap-
pellee that they would not perform the same and would
not receive the $5,000 or execute the deed and release
required by the terms of the contract; that appellee was
ready to pay said $5,000 upon their performance of the
contract, or to pay the $5,000 into court for their benefit,
and asked that his title to the real estate be quieted,
subject to such conditions with reference to the payment
of the $5,000 as might be adjudged, and that a com-
missioner be appointed to execute a deed conveying the
real estate to appellee.

The defendant Charlotte, for answer to the first para-
graph of complaint, denied appellee's ownership of the
land and alleged appellee held the title in trust for the
partnership of Loeser Brothers and that the equitable
title to the land belonged to such partnership. The
second paragraph of answer, like the first, denied that
appellee was the owner of the real estate and alleged that
the same was partnership property, of which partnership
appellee was but one member and that he held the title

in trust for the partnership and its surviving and deceased members, and asking that the land be decreed to be partnership assets. She later filed a "counter demand" alleging that she was the widow of Solomon Loeser who, at the time of his death, was a partner of appellee, her said husband and appellee being the surviving partners of the firm of Loeser Brothers composed of Solomon, Leopold and Ferdinand Loeser; that Ferdinand died in 1923, previous to the death of Solomon; that the land named in the complaint was the property of the partnership; that appellee had refused an accounting of the partnership affairs and denied her access to the books of the partnership; that appellee had refused, as surviving partner, to settle the partnership and she asked that the land in question be declared partnership property and that a receiver be appointed for such partnership. The issues being closed by general denial, the cause was submitted to the court for trial and the court found the facts to be, in substance, as follows:

Leopold, Ferdinand and Solomon Loeser were brothers, and prior to 1920, as partners, were engaged in the business of buying and selling live stock. Prior to that date, they were co-owners, as tenants in common, of a 320-acre farm in Noble county, each owning an equal share. In April, 1920, Solomon Loeser, being unmarried, by a warranty deed conveyed his interest in said real estate to his two brothers for and in consideration of $15,000. About two years after the execution of said deed, and after the death of Ferdinand Loeser, Solomon intermarried with appellant Charlotte E. Loeser and died testate in February, 1923, leaving his wife as his only heir. At time of his death, he resided in the State of Michigan. Ferdinand Loeser by his will gave all of his property to his widow, who thereafter conveyed all her interest therein to appellee.

Charlotte Loeser, after the death of her husband,

executed to Parm C. Gilbert a power of attorney appointing him her attorney for the purpose of "collecting, taking possession of, discovering, receipting for and recovering for all of the right, title and interest," of said Charlotte in all of the real and personal estate owned by her husband at the time of his death, which power of attorney remained in full force and unrevoked from May 23, 1923, until August, 1925, when Charlotte refused to perform a contract of compromise and settlement dated March 20, 1925. Gilbert continued to be and was the attorney for Charlotte until after August 1, 1925, under said power of attorney, with full power to exercise, on behalf of Charlotte, all the powers vested in him by said power.

The defendant James A. Campbell, named as an appellant herein, is the administrator with the will annexed of Solomon Loeser. On September 26, 1924, said administrator and Charlotte were claiming that the real estate in question was partnership property belonging to the firm of Loeser Brothers and that Charlotte, as the widow of Solomon, had an interest in such real estate. Appellee, at that time and ever since, has claimed to own the real estate and that the firm of Loeser Brothers had no interest therein.

On September 26, 1924, Charlotte and said administrator employed said Gilbert, an attorney at law at Traverse City, Michigan, and Dunten and Dunten, attorneys at LaGrange, Indiana, as their attorneys to conduct proceedings for the recovery of an alleged interest in said real estate, and on that date entered into a written contract with said attorneys whereby said attorneys agreed to prosecute said claim and to begin such legal proceedings to recover said property by litigation or agreement as in their judgment seemed best. For their compensation, they were to receive a sum equal to fifty per cent. of the amount recovered. No offer of com-

promise should be closed until submitted to and approved by all the parties to the agreement. This contract remained in full force until in August, 1925, when Charlotte refused to perform a contract of compromise and settlement dated March 20, 1925. At the time of the execution of such contract of employment, Mrs. Loeser verbally stated to Dunten and Dunten that Gilbert had full power and authority to act and represent her in all matters relating to the recovery of her alleged interest in the real estate and that anything done or agreed to by Gilbert on her behalf would be satisfactory to and binding upon her, and she then instructed Dunten and Dunten to conduct all the correspondence respecting said matter with Gilbert and stated that Gilbert would act for and represent her in respect to all steps to be taken in her behalf, and thereafter, Gilbert and the Duntens, with the consent of Mrs. Loeser and the administrator, employed Luke H. Wrigley, a lawyer at Albion to assist them in the proceedings for the recovery of said real estate, after which the last-named lawyers entered into negotiations on behalf of the two defendants with Leopold Loeser. During these negotiations, Wrigley wrote a letter to Dunten and Dunten, stating, in substance, that he had had an interview with a representative of Leopold Loeser, and that Leopold wanted to know what amount Mrs. Loeser and the administrator wanted in settlement of their claim, and Wrigley, in said letter, recommended the settlement for $5,000, or even less if no better settlement could be made. Dunten and Dunten sent a copy of this letter to Gilbert, who sent the same to Mrs. Loeser, with a letter of his own dated November 29, 1924, in which letter Gilbert recommended a settlement for $5,000 rather than to have a lawsuit in an endeavor to enforce her claim. Mrs. Loeser received said letter from Gilbert and a copy of the letter from Wrigley. Later, Dunten and Dunten wrote

another letter to Gilbert asking whether he, on behalf
of Mrs. Loeser, would approve a settlement for $5,000
or less if Mrs. Loeser's share in the amount received
should not be less than $2,500. On December 18, 1924,
Gilbert replied to this letter and, on behalf of Mrs.
Loeser, authorized the settlement of her claim for $5,000
providing her share should not be less than $2,500. On
December 30, 1924, Charlotte, in answer to Gilbert's
letter dated November 29, wrote Gilbert to the effect
that she would be pleased to settle without any litigation
if possible, and that she would like to have the Duntens
do something about the case as soon as they could.
The court further found that Mrs. Loeser authorized
Gilbert and the Duntens to enter into a contract of com-
promise with Leopold Loeser by which she would agree
to convey to him all her interest in the real estate in
question and that, in pursuance of such authority, and
after the exchange of said letters, the Duntens and Wrig-
ley, on behalf of Mrs. Loeser and the administrator, con-
tinued the negotiations with Leopold until March 20,
1925, when they, on behalf of Charlotte, entered into a
contract with Leopold for the settlement of the alleged
claim of Mrs. Loeser in the real estate. Said contract
was in writing, was signed by Dunten and Dunten and
Wrigley as attorneys for Mrs. Loeser, and provided that
Leopold should pay to Mrs. Loeser, within six months,
$5,000, which she was to receive in full satisfaction of
her interest in the real estate in question, and on pay-
ment of that sum, Charlotte was to execute a quit-claim
deed conveying her interest in the real estate to Leopold,
and also that Mrs. Loeser should deliver to Leopold a
release executed by the administrator to the effect that
said estate, as represented by the administrator, had no
further claim to the real estate. It also provided that,
if Leopold was entitled to a share of the personal assets
of the estate of Solomon, she, Mrs. Loeser, would ac-

cept payment upon said $5,000 at its fair value any interest in the assets of said estate that Leopold could transfer to her, provided that such assets were such that could be converted into cash within a reasonable time.

This contract was executed in four copies, one of the copies being sent by Dunten and Dunten to Gilbert, who approved the same on behalf of Mrs. Loeser, and who submitted the same to the administrator, who also approved such contract. In August, 1925, Dunten and Dunten prepared a quit-claim deed drawn in accordance with the contract of settlement and requested Mrs. Loeser to execute it, and informed her that said $5,000 would be paid as soon as the deed was executed. Leopold Loeser was then and ever since has been ready, willing and able to perform the contract of settlement; that Mrs. Loeser refused to execute the deed, stating that the least figure ever discussed with her was $10,000 net to her, and, in letters sent to Gilbert and to the Duntens, she notified each of them that their contract of employment was canceled, that the contract of settlement was repudiated, and she at that time revoked the power of attorney which she had theretofore given to Gilbert, and refused to perform the contract of settlement.

The court concluded, as a matter of law: (1) That appellee was entitled to a decree for specific performance of the contract of settlement; and (2) that Leopold should pay to the clerk for the use of Charlotte $5,000, and that, upon such payment, a decree should be entered quieting Leopold's title, and if Charlotte refused to convey the real estate, a commissioner should be appointed for that purpose.

Appellants contend the court erred in each conclusion of law and in overruling their motion for a new trial. Appellant's first contention is that the evidence is not sufficient to sustain the finding.

Appellants contend that the power of attorney given to Gilbert was revoked by the employment contract of September 26, 1924, and that the finding that such power of attorney remained in full force until in August, 1925, is contrary to the evidence. Appellants have made no attempt to point out any provision in the employment contract revoking or modifying the power of attorney. If there is any provision in the contract having that effect, it was appellant's duty to call our attention to the particular part of the contract having that effect and not cast the burden on the court to search for such provision. The simple statement that the power of attorney was revoked by the contract of employment presents no question. Indeed, the finding in question can be eliminated without affecting the conclusions of law.

Appellants next say the finding to the effect that Mrs. Loeser verbally, and contemporaneously with the execution of the contract of employment, stated that Gilbert had authority to act for her and anything he agreed to would be satisfactory to her is contrary to the evidence. It is appellant's contention that the evidence shows the verbal statement in question was made prior to the execution of the contract and not at the time of its execution. As we view the case, it makes no difference whether the statement was made before or at the time the contract was executed. The power of attorney and the contract of employment are set out in full in the special finding. If they authorized and empowered the Duntens and Wrigley to execute the contract on behalf of Mrs. Loeser for the compromise and settlement of her claim to an interest in the real estate in question, with the approval of Gilbert, or with her approval, any conversation between Mrs. Loeser and Dunten, as found by the court, is of no controlling influence.

Other objections are made to the finding of facts upon the theory that certain findings are contrary to the evidence, but we are not in harmony with these contentions. The court found, and the evidence amply supports the finding, that before the contract of settlement was entered into, Wrigley wrote a letter to the Duntens reciting that he had had an interview with a representative of Leopold Loeser, who wanted to know what amount the appellants wanted in settlement of their claim, and that he, Wrigley, recommended an adjustment of the claim for $5,000, or even less if no better settlement could be had. Dunten and Dunten wrote a letter to Gilbert, enclosing the letter from Wrigley, who in turn wrote a letter to Mrs. Loeser, enclosing a copy of the letter from Wrigley, and recommended the settlement for $5,000 if no better settlement could be had. The evidence shows that Mrs. Loeser was away from home, and a few weeks later Gilbert, without having received a reply from her, wrote Dunten and Dunten on her behalf approving of a settlement for $5,000. A short time thereafter, Mrs. Loeser wrote to Gilbert, from a point in Iowa, acknowledging receipt of his letter, saying she would be pleased to settle without litigation and that she would like to have Dunten do something as soon as he could. This letter from Mrs. Loeser was dated December 30, 1924, and the contract of settlement was dated March 20, 1925.

It would unduly extend this opinion to enter into a discussion of all the evidence. We have given it careful study and hold the facts as found fully supported by the evidence. Many conclusions of law are mingled with the facts found, but eliminating all of these conclusions, sufficient facts remain to sustain the conclusions of law as stated by the court.

Attention is called to the finding that the land in question was owned by the three Loeser brothers as

tenants in common and that Solomon Loeser, before his marriage to Charlotte, conveyed his interest to his brothers Leopold and Ferdinand, for a consideration of $15,000. This finding is not challenged. It is, therefore, a conceded fact, in so far as this appeal is concerned, that the land was held by the three brothers as tendants in common, that Solomon, prior to his marriage, sold and conveyed all his interest in the land, and that, thereafter, Leopold and Ferdinand owned the land as tenants in common and not as partners. This being true, Charlotte had no interest in the land.

Judgment affirmed.