· PREST-O-LITE COMPANY, INC. *v.* STONE ET AL.

[No. 15,387. Filed June 18, 1935.]

*Barnard Korbly,* and *John G. McNutt,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *James V. Donadio,* for appellees.

BRIDWELL, J.—Appellees, Edward L. Stone and Ida Stone, parents of one Vernon F. Stone, a deceased employee, who died from injuries suffered by reason of an accident arising out of and in the course of his employment, filed with the Industrial Board of Indiana, their application for adjustment of their claim for compensation against appellant and appellee, The Linde Air Products Company, Inc., alleging, among other things, that they were wholly dependent upon their deceased son for support at the time of his death.

The full Industrial Board, after a hearing upon an application for review of an award made by one member, awarded compensation to said applicants, its finding, omitting formal parts, being as follows:

". . . the Full Industrial Board . . . now finds that on November 14, 1933, one Vernon F. Stone was in the employ of the defendant (The Prest-O-Lite Company, Incorporated) at an average weekly wage of $28.60; that on said date the said Vernon F. Stone received an injury as the result of an accident arising out of and in the course of his employment of which the defendant (Prest-O-Lite Company, Inc.) had knowledge and furnished the necessary medical, surgical, hospital and nurse services; that as a result of said accidental injury the said Vernon F. Stone died on November 14, 1933.

"It is further found that at the time of his death the said Vernon F. Stone left as his sole and only

dependents who were wholly dependent upon him for support at the time of his death, his father, Edward L. Stone, 59 years of age, and his mother, Ida Stone, 53 years of age.

"It is further found by the Industrial Board of Indiana that this complaint as against the Linde Air Products Company, Incorporated, should be dismissed."

The award was in accordance with the finding, and from the award this appeal is prosecuted, appellant's assignment of error containing nine separate specifications of error, among which is one "that the award of the Full Board is contrary to law." This assignment is sufficient, and under it we will consider the actions of the board which appellant presents for review.

Among other contentions of appellant is one that the finding made by the board is not such a finding as is required by section 60 of our Workmen's Compensation Act, but "is merely an announcement of the decision of the board and is in the nature of a conclusion of law." This contention cannot be sustained. The finding is sufficient and in form complies with the requirements for any such finding as set forth and approved by this court in the following cases: *Muncie Foundry, etc. Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Empire Health, etc. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664; *Matlon* v. *Matlon* (1931), 92 Ind. App. 350, 175 N. E. 369.

The sufficiency of the evidence to sustain the finding made is challenged, it being asserted by appellant that the uncontradicted evidence shows that appellees were not wholly dependent upon their son for support, and that the evidence fails to establish the relationship of employer and employee between the appellant and the deceased Vernon F. Stone at the time of the accidental injury, resulting in his death, but, to the contrary, does establish that said deceased, at that

time, was an employee of the appellee, The Linde Air Products Company, Inc.

The evidence as to the dependency of the parents is not conflicting, and there is evidence to prove that neither the father nor mother of the deceased employee owned any property or had any source of income of their own; that for more than a year prior to the death of their son, Vernon, he had been contributing from $40.00 to $45.00 per month for their support; that out of this money they paid the rent on the dwelling house wherein they lived, and used the balance for the necessities of life; that the father was in ill health and had not been employed since August, 1930, and both parents looked to and depended upon Vernon for their support, and received no income from any other source. It is true that the evidence also discloses that another son, his wife, and two children lived in the same house with the parents, and that all shared together such food and fuel as was provided; that the monies contributed by Vernon, and any money earned by the other son was used as a common fund to buy food and pay other expenses in maintaining the home. It also appears from the evidence that the son living in the home was employed only intermittently, and that his earnings for many months prior to June, 1933, averaged only about $3.00 per week; that in June or July, prior to the death of his brother Vernon in November, he secured steady employment at $15.00 per week, and of this amount he received $12.00 in cash, $3.00 being retained and applied on an indebtedness he owed to the company giving him employment. His second child was born after he secured a steady job, and his earnings, according to his own testimony, went to support his family. He also testified that at times his brother Vernon had assisted him financially, in addition to the contributions made to the parents. While it appears that some of the money

earned by the married son was placed in a common fund, from which food and fuel were bought, and in which, not only his own family but his parents, as well, shared, we think that from the evidence viewed as a whole, the board, notwithstanding this fact, was fully justified in finding as it did, that the parents were wholly dependent upon their deceased son for support at the time of his death.

It is not contended by any party to the record that the decedent, Vernon F. Stone, was not an employee whose death resulted from injuries received by reason of an accident arising out of and in the course of his employment. One of the main controversies, however, is as to whose employee he was at the time of the accident, it being earnestly insisted by appellant that when injured, said Vernon F. Stone was in the "special employment" of appellee, The Linde Air Products Company, Inc., as a "loaned employee" and that any liability to pay compensation pursuant to provisions of our compensation law rested with said appellee and not appellant.

The evidence on this phase of the case may be summarized as follows: Vernon F. Stone had been continuously employed by appellant from April 28, 1928, until his death, which occurred on November 14, 1933. On and prior to November 13, 1933, he was working in the manufacturing plant of appellant located near the city of Indianapolis, Indiana, serving appellant as "floor inspector of the generator department, and was responsible for the quality of the product manufactured in this department of the plant." His immediate superior was one Matlock, chief inspector of the plant. The superintendent of the plant was Laurence Oliphant. On said 13th day of November, Oliphant received a telephone call from The Linde Air Products Company, Inc., made by Mr. DeWees of that company, inquiring as to whether

the Prest-O-Lite Company, Inc., could provide a man to go to Middletown, Ohio, on a service call for them the next day, as their "service men" were all engaged. Oliphant then called Matlock, appellant's chief inspector, to see if anyone was available. Matlock informed him that "he did not know, he would check to see who he could make available." Matlock then talked with Stone (the deceased employee), and Stone, "after checking his conditions in general" informed Matlock that he could go. Matlock then advised Oliphant that Stone could make the service call trip, and Oliphant, in turn, imparted this information to Mr. DeWees of The Linde Air Products Company, Inc., and, thereafter, a salesman of the last mentioned company, who was to accompany whoever went to take care of the service call, called Stone over the telephone and it was agreed by them then that the trip to Middletown be made by automobile in Stone's car, leaving Indianapolis, where they both resided, early the next day. They started on the trip as arranged, and when near Dunreith, Indiana, the automobile in which they were riding, skidded and overturned, and Stone suffered the injuries causing his death.

At the time Oliphant (appellant's superintendent) and DeWees (representing appellee, The Linde Air Products Company, Inc.) were arranging for the services of some employee of the Prest-O-Lite Company, Inc., and after it was learned that Stone was available for the service required, it was agreed between them that the Prest-O-Lite Company, Inc., would pay Stone his regular wages, and that The Linde Air Products Company, Inc., would reimburse the Prest-O-Lite Company, Inc., for the amount so paid. This was done.

We have read and considered all the evidence in the record bearing upon the question of the employment of Vernon F. Stone in order to determine whether the evidence is sufficient to sustain the finding of the Indus-

trial Board in this respect. Under our compensation law, an employee is one who is "lawfully in the service of another under any contract of hire or apprenticeship, written or implied." There is no evidence that any person connected with The Linde Air Products Company, Inc. (other than the salesman who called him over the telephone to discuss how they would make the contemplated trip) ever approached the deceased employee or requested of him that he enter the service of that company, or perform the particular service he expected to do when he started to the place where the work was to be done; his only information concerning the matter came from the employer whom he had served for approximately five years; there is nothing in the evidence tending to indicate an intention on the part of the persons concerned to terminate the relation of employer and employee which had so long existed between appellant and the deceased, or to prove a mutual understanding that the particular service he was to render at Middletown, Ohio, should be regarded as outside his regular employment; he was not consulted by anyone as to wages he would receive for this work, but was kept on the pay roll of appellant at his usual wage, without anything being said to him about the matter. There is no evidence whatever to indicate that he would not have been subject to recall by appellant before the work which he had started to Middletown to do had been finished, in the event his usual duties demanded his attention before that time. Under this state of the record we do not agree with appellant's contention that the uncontradicted evidence in this case shows that at the time of the accident Stone was performing a special service for appellee, The Linde Air Products Company, Inc., under an implied contract of hire, and that the evidence is such that this court should hold as a matter of law that appellant is not liable. To the contrary, we are of the

opinion that the evidence is, when considered in its entirety, together with the reasonable inferences deducible therefrom, sufficient to sustain the finding made, and is of such character that this court cannot properly say that the Industrial Board's conclusion as to the facts established was such as could not be reached by reasonable men.

On appeal, where the sufficiency of the evidence to sustain the finding is questioned, we consider only that evidence favorable to the appellees, and if from the facts proved, and all reasonable inferences deducible therefrom, the finding can be sustained, the award based thereon will not be disturbed, as this court will not weigh the evidence.

Finding no reversible error, the award is affirmed and increased 5 per cent as required by statute.