## WARREN v. INDIANA TELEPHONE CORPORATION

[No. 16,477. Filed January 4, 1940. Rehearing denied February
15, 1940. Affirmed by the Supreme Court April 9, 1940
(217 Ind. 93).]

*Connor D. Ross,* of Indianapolis, and *Joseph M. Cooper,* of Madison, for appellant.

*T. M. Cooney* and *Bergen Van Brunt,* both of Indianapolis, for appellee.

STEVENSON, J.—This is an appeal from a final award of the Industrial Board in which an award was entered denying the appellant compensation. At the hearing on the appellant's petition before a single member of the Industrial Board, an award was obtained granting compensation. From this award the appellee appealed and the full board, by a ma-

jority decision, rejected the award of the hearing member and found that the plaintiff's (appellant) disability was not directly or indirectly due to any injury arising out of or in the course of his employment. The appellant accordingly was denied compensation. The error properly assigned and relied upon by the appellant is to the effect that the final award of the Industrial Board is contrary to law. The chief contention of the appellant under this assignment is that the Industrial Board erred in admitting certain testimony of experts which was introduced over the appellant's objections and which remained in the record on its review by the full board.

The factual background discloses that the appellant on the 12th day of August, 1938, was employed by the appellee and was engaged in digging a ditch for the laying of an underground cable. While using a shovel and while pushing the same into the ground with his right foot, his foot slipped off the edge of the shovel and he received a blow on the inside bone of his ankle joint. Said blow caused him pain in his ankle and leg but after rubbing it for a few minutes he continued his work for the remainder of the day and that night upon examination at home he found a red spot on his ankle but the skin was not broken. The next morning it was swollen and continued to grow progressively worse and on August 18, 1938, he was examined by his doctor for the first time. The doctor found the ankle swollen and painful and on August 26, 1938, an x-ray examination was made of the appellant's ankle. There was testimony to the effect that these x-ray pictures disclosed some destruction between the joint surfaces of the bones of the foot near the ankle. There is testimony in the record that this condition was due to syphillitic infection and that the

injury complained of had no bearing in any way upon the disability of which the appellant complained. The particular testimony about which objection is made was elicited by the following hypothetical question submitted by the appellee and answered over appellant's objection, the record reading as follows:

> "Q. Doctor, from the history given you and the examination you have related to the Board, this man's right foot slipping off a shovel, striking the internal malleolins through a thick leather shoe that's in evidence here, resulting in no injury to the surface of the skin and no discoloration, but with a condition described by Dr. May coming on six days afterwards, will you give your professional opinion as to whether the accident described had anything to do with the condition of that man's foot?
>
> "To which question appellant objected as follows: 'To which the plaintiff objects because the question is an unreasonable assumption of facts and does not purport to state the facts in evidence and calls for a conclusion that this member is obligated to decide under the law from all the evidence. It is an invasion of the province of the Hearing Member.'
>
> "The objection was overruled and the question was finally answered, 'I would say no.'"

The appellant contends that the above question was objectionable in that it omitted certain important undisputed facts, i.e., that the appellant had worked many years without experiencing any disability, the fact that the ankle was swollen on the following morning, and the fact that he had never had trouble before with the foot or ankle. The appellant contends that the question was further objectionable in that it erroneously assumed that the accident resulted "in no injury to the surface of the skin" and that the condition described by Dr. May came on six days after the accident.

It is true that a hypothetical question should not rest upon an assumption of facts not supported by the evidence. *Mounsey, Admx.,* v. *Bower* (1922), ██ 78 Ind. App. 647, 136 N. E. 41. It does not follow, however, that it is reversible error to permit a hypothetical question to be answered which assumes facts to be true which are not proven and which have no evidence to support them. As was said by this court in the case of *Ailes* v. *Ailes* (1937), 104 Ind. App. 302, 305, 11 N. E. (2d) 73:

"It is true that if the facts assumed in the hypothetical question are not substantially proved by the other evidence, the expert testimony thus elicited will be of little or no value. If facts are assumed in a hypothetical question which are clearly so exaggerated as to impair the opinion, or are such manifest assumptions as to be misleading, confusing, and outside the evidence, or fair inferences from the evidence, they should be excluded, and their admission might be a prejudicial error in a given case."

Whether or not the answers to such hypothetical questions are prejudicial must therefore depend upon the state of the record generally so far as the subject-matter of inquiry is disclosed. Even though the facts stated in the hypothetical question are not supported by the evidence, yet if the true facts were presented to the Industrial Board and they were given the correct information as to the injured man's condition, it is our opinion that the fact that misstatements were embodied in the hypothetical question would affect only the reliability of the opinion based on such erroneous hypothesis. The record discloses in this case that the doctors were carefully cross-examined and the true condition of the man's foot and ankle was described by various witnesses. The principal fact embodied in the hypothetical question which was entirely unsup-

ported by the evidence was the statement that the condition described by Dr. May came on·six days after the accident.

After reading the entire evidence of the doctor to whom this question was propounded, it is apparent to this court that the .objectionable facts embodied in the question did not materially influence his answer. However, conceding that the question was objectionable, it has been held that. errors in the admission of evidence before the Industrial Board are harmless if there is any competent evidence to support the award. As we have heretofore said:

"'. . . this court has held that the Industrial Board is not a court, and that the strict rules enforced in courts of law, respecting the admission of evidence, do not apply to such board. 'The general rule seems to be that the admission of incompetent evidence by such board will not operate to reverse an award, if there be any basis in the competent evidence to support it.' The admission of incompetent evidence under such circumstances would be harmless error." *Inland Steel Co.* v. *Pigo* (1932), 94 Ind. App. 659, 660, 182 N. E. 279.

An examination of the evidence discloses that there is ample medical testimony to sustain the finding of the board. Under such circumstances the question of fact as to whether the alleged blow on the ankle either caused or accelerated the condition of which the appellant complains was for the determination of the board; and the finding of the board being sustained by some evidence, we cannot say as a matter of law that the award should be reversed. *McGuire* v. *Universal Gear Corp.* (1939), 106 Ind. App. 107, 18 N. E. (2d) 474.

The award of the Industrial Board is affirmed.

NOTE.—Reported in 24 N. E. (2d) 426.