## KUNTZWILLER *v.* CITY OF WEST LAFAYETTE.

[No. 16,611.   Filed December 2, 1940.]

*D. Emmett Ferguson,* of Lafayette, for appellant.

*Ralph B. Gregg,* of Indianapolis; and *Lowell L. Martin,* of Lafayette, for appellee.

DeVoss, J.—Appellant filed his claim with the Industrial Board of Indiana for adjustment of claim for compensation for an injury as the result of an accident arising out of and in the course of his employment by

appellee. From an award by the Full Industrial Board refusing compensation, this appeal is prosecuted.

All the questions raised by the various assigned errors may be considered under the single assignment, "That the award of the Full Industrial Board is contrary to law."

So much of the finding and award of the Full Industrial Board as is relevant hereto reads as follows:

"And the Full Industrial Board now finds for the defendant on plaintiff's application, that plaintiff was not an employee of the defendant within the meaning of the Indiana Workmen's Compensation Law, but was a member of the fire department of the City of Lafayette, Indiana, and as such does not come under the provisions of the Indiana Workmen's Compensation Act.

### AWARD.

"It is therefore considered and ordered by the Industrial Board of Indiana that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of these proceedings."

There is no dispute relative to the facts and circumstances surrounding the accident and the same are stipulated by the parties hereto as follows: "Come now the parties in the above captioned cause and by agreement hereby stipulate as follows: That on the 21st day of October, 1938, the above named plaintiff, Harry Kuntzwiller, was a duly appointed, legally qualified and acting officer in the service of the fire department of the City of Lafayette, Indiana, as a captain, and was located and in charge of the fire engine company at Station Number Two, located on North Ninth Street between Union and Elizabeth Streets, in the City of Lafayette, Indiana.

"That at or about eight (8) o'clock of the evening of the said 21st day of October, 1938, a fire was in progress

at 117-119 Vine Street, in the City of West Lafayette, Indiana; that the fire department of the City of West Lafayette, Indiana, caused a call to be made to the fire department of the City of Lafayette, Indiana, for assistance of a fire engine company of the City of Lafayette in putting out the fire then in progress at 117-119 Vine Street, in the City of West Lafayette, Indiana; that said call from the fire department of the City of West Lafayette to the fire department of the City of Lafayette, Indiana, was made under a previous written agreement between the City of Lafayette and the City of West Lafayette, which agreement reads as follows:

"THIS CONTRACT MADE THIS 28th day of February, 1934, by and between the City of Lafayette, of the first part, and the City of West Lafayette, of the second part, WITNESSETH:

"That in order to increase the protection against loss and damage by fire it is mutually agreed by the parties to this contract that each municipality and party to this contract shall attend and assist the other party in extinguishing such fires that may occur in their respective municipalities when such assistance is so requested by the fire department of such municipality respectively.

"IN WITNESS WHEREOF the parties to this contract have set their hands and seals, the day and year first above written.

City of West Lafayette,        City of Lafayette,
  By Myron B. Morgan,            By John B. Hudson,
                Mayor,                          Mayor,

        Charles S. Doan,           James Burk,
        F. C. Hockema,             C. E. Calsbeek,
        Ralph E. Adams,            E. S. Urwitz,
        R. B. Wiley,                    Board of Works.
        Arthur McQueen,
        W. F. Strate,
            Common Council.

"That upon the order of a superior officer in the fire department of the City of Lafayette, Indiana, Engine Company Number Two, of which said plaintiff was captain, was ordered to proceed to the place of fire to aid and assist the fire department of the City of West Lafayette, Indiana; that at the time said call for assistance was received said plaintiff was performing such duties required of him as an officer in the service of the fire department of the City of Lafayette, Indiana; that said plaintiff answered the call at the direction of his superior officer and proceeded to the scene of the said fire at 117-119 Vine Street, in the City of West Lafayette, Indiana; that there was also present at said time and place one Frank Carr, assistant fire chief of the fire department of the City of Lafayette, Indiana, who was a superior officer to this plaintiff; that there was also present at said time and place one Ben O'Connor, chief of the fire department of the City of West Lafayette, Indiana; that the hose and nozzle owned by the City of Lafayette, Indiana, was attached to the fire engine pumper owned by the City of West Lafayette, Indiana, and connected to the fire hydrant in the City of West Lafayette, Indiana; that the nozzle and hose attached as aforesaid were being handled by the plaintiff, Harry Kuntzwiller, and one Lester Hague, a member of Fire Engine Company Number Two of the City of Lafayette, Indiana, at the time of the accident hereinafter described; and that while said fire engine company, of which said plaintiff was captain, was rendering assistance to the City of West Lafayette, Indiana, as aforesaid, said plaintiff was struck by the said nozzle in his hands as aforesaid, or by a stream of water from said nozzle and hose, which said nozzle or stream of water going out of control knocked out his left eye.

"That the defendant, the City of West Lafayette, had notice of said injury.

"That as a result of said injury, said plaintiff has lost the use of his left eye, entirely and completely.

"That the reasonable and necessary medical, surgical and hospital expenses of treating said injury are of the reasonable value of $185.

"That the plaintiff received for his services as captain of Engine Company Number Two of the Fire Department of the City of Lafayette, Indiana, an average weekly wage of $31.50, which wage was the reasonable value of his services at the time of said accident; and that he received no money, wage or remuneration from the City of West Lafayette, Indiana, or the fire department of said City of West Lafayette, Indiana, either prior or subsequent to the time of the accident.

"It is further stipulated and agreed by and between the parties hereto that the stipulations herein made admit no liability and are for the express purpose of presenting the question of employment, which employment, defendant, as shown by the record, denies.

"Witness the hands and seals of the undersigned, this 21st day of June, 1939.

(Signed)  D. Emmett Ferguson,
Attorney for Plaintiff.
Lowell L. Martin,
Ralph B. Gregg,
Attorneys for Defendant."

"The right of any person to receive and the liability of any person to pay compensation, under our Workmen's Compensation Act, depends in the first place, of course, upon the existence of the relation of employer and employee, and whether this relation exists is to be determined in accordance with the usual rules.   This relation is contractual in char-

acter, and must be created in every instance by contract, either express or implied." *In re Moore* (1933), 97 Ind. App. 492, 187 N. E. 219, and cases cited.

Pursuant to the rule laid down in the above cited case, it is apparent that the paramount question to be determined in this appeal is whether or not appellant, at the time of injury complained of, was in the employment of appellee. If the answer to this question, from all the facts and circumstances surrounding the transaction, is in the negative, then a discussion of the question of the capacity of his employment by someone other than the appellee would obviously be unnecessary and avail nothing herein.

The contract for mutual assistance between the City of Lafayette and the City of West Lafayette, contains the following stipulation, "that each municipality and party to this contract shall attend and assist the other in extinguishing such fires that may occur in their respective municipalities. . . ."

There is only one way the City of Lafayette could extend the aid provided for in said contract to said City of West Lafayette, and that is through its officers, agents or employees, and it was only by virtue of the fact that appellant herein was an agent, officer or employee of said City of Lafayette that his services were procurable under such contract. The possibility of his being called upon to render assistance to the City of West Lafayette, was one of the risks of his employment and was incidental to his services as a fireman of the City of Lafayette.

The stipulation recites that on the date of the injury, appellant was an acting officer in the service of the fire department of the City of Lafayette; that upon the order of a superior officer in said fire department he proceeded to the City of West

Lafayette, used the hose nozzle of the City of Lafayette and attached the same to a fire engine pumper and to a hydrant of the City of West Lafayette. It is further stipulated that appellant received an average weekly wage of $31.50 from the City of Lafayette. There was no express contract of employment between appellant and appellee, neither do we think one was implied, nor was he a loaned employee. The assistant fire chief of the City of Lafayette, a superior officer of appellee, was also present at the time of the injury. We cannot conclude that appellant would be deemed to have passed out of the service of his general employer and into the service of a special employer. His acts and the circumstances do not lead us to believe that he had abandoned his employment with the City of Lafayette. The fire department of the City of Lafayette was operated with the presumptive knowledge that the employer was, under the contract, bound to aid in the fighting of fire at West Lafayettte. No one connected with the City of West Lafayette requested appellant to come to its assistance, but such request was made to the City of Lafayette and by nature of his employment as a fireman in Lafayette he obeyed the instructions of his superior and proceeded to the place of the fire. There is no evidence or stipulation to the effect that appellant ceased to be in the employment of the City of Lafayette nor that he would not have responded to a call from that city at the direction of his superior, even during the conflagration he was engaged in fighting.

The case of *Prest-O-Lite Co., Inc.* v. *Stone* (1935), 100 Ind. App. 480, 196 N. E. 352, cited by appellee, is in point, and we are inclined to, and do herein, follow the reasoning set forth therein.

Finding no reversible error, the award of the Full Industrial Board is affirmed.

Stevenson, J., concurs in result.

NOTE.—Reported in 29 N. E. (2d) 1007.