## WEIR *v.* CORIDAN

[No. 16,632. Filed January 21, 1941.]

590

Paul F. Rhoadarmer and Robert L. Carrico, both of Indianapolis, for appellant.

Glenn W. Pierce, William E. Hart, and White, Wright & Boleman, all of Indianapolis, for appellee.

CURTIS, C. J.—This is an appeal from a final award of the full Industrial Board in favor of appellee, made on the 9th day of April, 1940, which final award was corrected by the board in respect to the date when the appellant was employed. No question is raised herein as to the power of the board to make said correction. The award grows out of the appellant's application for compensation for an alleged accidental injury resulting in temporary total disability to the appellant. No special answer was filed.

The single member of the board upon hearing entered an award against the said applicant (appellant). Upon the appellant's application for a review by the full board it made a final finding, order and award from which we quote as follows:

"And the full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that for more than a year prior to November 19, 1938, and on November 19, 1938, plaintiff was in the employ of defendant at an average weekly wage of $35.00; that on May 27, 1939, plaintiff filed his application for the adjustment of claim for compensation."

"And the full Industrial Board now finds for the defendant on plaintiff's application, that plaintiff's disability, if any such he suffered, was not the result of any accidental injury arising out of and in the course of his employment with defendant."

### AWARD

"IT IS THEREFORE CONSIDERED AND ORDERED by the full Industrial Board of Indiana that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

In due time this appeal was prayed and perfected. Among the errors assigned and relied upon by the appellant is the alleged error that the final award of the full board is contrary to law. This assignment is sufficient to present all claimed error.

The question presented to the Industrial Board was whether or not the appellant (applicant) received a compensable injury by accident arising out of and in the course of his employment by the appellee. The finding of the board was that "plaintiff's disability, if any he suffered, was not the result of any accidental injury arising out of and in the course of his employment with defendant." This finding was made upon the evidence as to those facts. We have read the evidence carefully. A general summary of it showed that from some time in April, 1937, until in December, 1938, the appellant was employed in the appellee's automobile repair shop. In the course of this employment during a period of from one and one-half hours to two hours each day he operated a pneumatic air hammer with a capacity of several thousand strokes per minute during which operating time there was a constant vibration causing a numbness in the hands and fingers during the period of operation. The appellant testified that on November 19, 1938, his

hands broke down disabling him from December 7, 1938 until May, 1939. There was other evidence not so clear and definite.

The controlling facts in the instant case are so nearly identical with the controlling facts in the case of *American Maize Products Company, a corporation* v. *Frank Nichiporchik,* being number 16631 of this court, decided on the 12th day of November, 1940, *ante,* p. 502, 29 N. E. (2d) 801, as to require the application here of the same principles of law announced therein.

Due to the failure, however, of the board, as is evidenced in its finding by the language, "if any he suffered," to make a definite finding as to whether or not the applicant (appellant) suffered a compensable injury, we have concluded that the ends of justice will be more nearly met by directing a rehearing before the board. The award of the full Industrial Board is reversed with directions to vacate and set aside its award and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 31 N. E. (2d) 83.