TAYLOR ET AL. *v.* BRAINARD ET AL.

[No. 16,862. Filed December 4, 1941. Rehearing denied March 24, 1942. Transfer denied May 1, 1942.]

266

*Hays & Hays,* of Sullivan, for appellants.

*Craig & Craig,* of Brazil, for appellees.

DEVOSS, C. J.—This is an appeal from an award of compensation by the full Industrial Board of Indiana to appellees as total dependants of Charles H. Brainard, father and husband, who, as alleged in the applications for compensation, died as the result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellants.

Appellee, Gertrude Brainard, widow of Charles H. Brainard, deceased, filed her separate application for adjustment of claim for compensation, and appellees, Charlotte Henrietta Brainard and Patricia Loretta Brainard, children of Charles H. Brainard, deceased, by next friend, filed their joint application for adjustment of claim for compensation. At the hearing before a single member of the Industrial Board, by agreement and stipulation, said applications were consolidated for hearing and determination.

Upon submission and hearing of claim, the single board member found for appellants, that said Charles H. Brainard was not an employee of appellant Standard Brazil Block Coal Company, within the meaning of the Workmen's Compensation Act, and entered an order that appellees take nothing by their complaint.

Thereafter, within the proper time, appellees filed their petition for review before the full board, and pursuant to a hearing thereon by the full board, said full board made and entered a finding and award in favor of appellees. So much of said finding and award by the full board as is material to this appeal is in the following words and figures, to wit:

"The Full Industrial Board of Indiana, having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds by a majority of its Members that on March 8, 1937, one Charles H. Brainard while in the employ of the defendants, Helen Ross Taylor and Albert G. Scheidenhelm, co-partners doing business as Standard Brazil Block Coal Company, at an average weekly wage in excess of $30.00, suffered an injury as the result of an accident arising out of and in the course of his employment with the defendants, of which the defendants had knowledge. That as a result of said accidental injury the said Charles H. Brainard died on the same day, leaving surviving him as his sole and only dependents, Gertrude Brainard, his wife; Charlotte Henrietta Brainard, a minor daughter, born July 8, 1930; and Patricia Loretta Brainard, a minor daughter, born December 8, 1931. . . .

## "AWARD

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the Full Industrial Board of Indiana by a majority of its Members that the plaintiffs be and they are hereby awarded compensation as against the defendants in equal shares, for a period of three hundred weeks at the rate of $16.50 per week, beginning on March 8, 1937, and for so much of said period of three hundred weeks as each or either of said plaintiffs shall remain dependent within the provisions of the Indiana Workmen's Compensation Law."

From such award of the full board, appellants prosecute this appeal and assign as error in this court that

the award of the full Industrial Board is contrary to law.

The sole question presented on this appeal is whether or not the relation of employer and employee existed between appellants and the decedent at the time said decedent received the injuries from which his death resulted as set out in the applications.

"The right of any person to receive, and the liability of any person to pay compensation, under our workmen's compensation act, depends in the first place, of course, upon the existence of the relation of employer and employee, and whether this relation exists is to be determined in accordance with the usual rules. This relation is contractual in character, and must be created in every instance by contract, either express or implied." *In Re Moore* (1933), 97 Ind. App. 492, 500, 187 N. E. 219, and cases cited.

The above cases have been cited and the rule as to the right to recover compensation as stated therein has been confirmed by this court numerous times.

The record discloses that appellants, on the date of the injury set out in the application, were engaged in the mining of coal near Clay City, Indiana. For the purpose of conducting their business of mining coal they purchased from Bucyrus-Monighan Company, Chicago, Ill., an electrical walking drag line excavator.

This purchase was made by way of a written proposal to sell by Bucyrus-Monighan Company and an acceptance in writing thereof by appellants. Among the provisions in the proposal to sell appeared the following:

"ERECTION: As soon as possible after arrival, you (appellants) agree to erect the machine and to operate it immediately under favorable conditions. You agree to furnish all labor, material and supplies for the erection and operation of the machine.

"We agree to lend to you, but not for over 36 calendar days, as your employee (his wages and expenses being included in the contract price), subject to your exclusive direction, an experienced engineer to superintend the erection of the machine and its operation during such period. If engineer is desired for longer period, all additional time is to be paid for by you, at the rate of $15.00 per calendar day, plus expenses. You are to provide suitable accomodations for his board and lodging at the point where the machine is to be erected, or if such accomodations are not provided, you will assume any transportation expenses incurred by him in going from and to his boarding place to and from the machine."

Pursuant to the acceptance of the proposal to sell by appellants, the walking drag line excavator described therein was delivered to a site set aside therefor, at the premises of appellants in a knocked down condition, in nine or ten cars, but not all arrived at the same time. After the arrival of the first car, some time in January, 1937, the decedent herein, Charles H. Brainard, appeared and began the installation of the drag line excavator. The day after the first shipment arrived, the general manager started to unload a part of the material and was informed by Mr. Brainard that he (Brainard) would take care of the unloading. The cars were unloaded as they came in and the parts assembled and erected, and it was during the erection thereof that Charles H. Brainard, on the 8th day of March, 1937, the 34th day of actual work by him thereon, met with an accident from which his death resulted.

It further appears that in the erection of the drag line excavator that Brainard supervised the other men, gave instructions as to what was to be done and saw that it was done up until the day of the accident; that he informed the superintendent of appellants how many men he wanted and they were

furnished to him. It further appears that during the time he was employed at different intervals and was engaged at work for some one other than appellants, and that appellants never paid him directly. The evidence further discloses that the decedent, Charles H. Brainard, discussed the contract of Bucyrus-Monighan Company and appellants with Laura Brainard, and that appellants paid the Bucyrus-Monighan Company the wages of said Charles H. Brainard and that said Bucyrus-Monighan Company in turn paid them to said Brainard.

"On appeal, where the sufficiency of the evidence to sustain the finding is questioned, we consider only that evidence favorable to the appellees, and if from the facts proved, and all reasonable inferences deducible therefrom, the finding can be sustained, the award based thereon will not be disturbed, as this court will not weigh the evidence." *Prest-O-Lite Co., Inc.* v. *Stone* (1935), 100 Ind. App. 480, 487, 196 N. E. 342.

From a reading of the proposal and contract between appellants and Bucyrus-Monighan Company relative to the purchase and sale of the excavator herein involved it is apparent what the obligation of appellants was relative to the execution thereof. If this contract was the only evidence introduced relative to the relation of the decedent and appellants it would not be determinative of the question. However it further appears from the evidence that after the proposal was accepted by appellants, a copy thereof was read and discussed by decedent with Laura Brainard and thereafter, evidently pursuant to such contract and proposal the decedent presented himself at the premises of appellants and at the site of the erection of the excavator and proceeded to perform the services of superintending the erection of the same. He worked thereat for thirty-

four days, during which time he was in contact with the manager and superintendent of appellants, was observed by them in his work and at one time, when appellants' workmen attempted to unload part of the excavator he informed them that he would look after the unloading.

No inquiry was made of him as to why he was there, or by whose authority he was erecting the excavator, but his services were accepted day after day without comment or complaint. Under these conditions and circumstances can it be said that there was no acquiescence on the part of decedent to the terms of the contract relative to him, and that there was not an implied intention on the parts of appellants to accept him as their employee as set out in the contract? It is our opinion that such circumstances would warrant a finding that the relation of employer and employee did exist and that decedent and appellants, by their actions subsequent to the signing of the contract, signified a ratification and acceptance thereof. Under the terms of the contract, the right to exclusive direction was lodged in appellants and by his acquiescence therein decedent submitted to such direction. The terms of his employment was fixed at thirty-six calendar days or longer, the amount of wages fixed at $15.00 per day, the right of direction was lodged in appellants and all of the elements necessary to create the relation of master and servant were present.

Appellants cite the case of *Prest-O-Lite Co.* v. *Stone* (1935), 100 Ind. App. 480, 196 N. E. 342, to sustain their contention herein. In that case application for adjustment of compensation was filed by appellee against Prest-O-Lite Co. and the Linde Air Products Co. Inc. The facts, as disclosed by the evidence in the trial of the cause, established that the Linde Air Products Co. called the Prest-O-Lite Co. by telephone and inquired

whether the Prest-O-Lite Co. could provide a man to go to Middletown on a service call for them. Appellee Stone was available for the service and it was agreed between the Linde Air Products Co. and Prest-O-Lite Co. that Prest-O-Lite Co. would pay Stone his regular wages and the Linde Air Products Co. would reimburse Prest-O-Lite therefor. There was no contact by the Linde Air Products Co. with Stone whatever, except by a salesman of that company who made arrangements to accompany Stone. Stone was injured on his way to Middletown. In the instant case there was an express written agreement that appellants agreed to erect the excavator, that they were to furnish all labor and material for such erection, that they agreed to accept as their employee subject to their exclusive direction an engineer furnished by Bucyrus-Monighan Company, the period of time of employment was fixed and the wages were established. The deceased was not a party to this contract at its *inception* but by acquiescence therein, and by reading and discussing said contract and presenting himself at the premises of appellants and engaging in the work specified in the contract and by the acceptance of his labor by appellants, we think, did constitute him a party to the contract by implication and ratification.

The facts in the instant case are somewhat similar to those in the case of *Crawfordsville, etc., Brick Co.* v. *Starbuck* (1924), 80 Ind. App. 649, 141 N. E. 7. In the case above cited, an equipment company agreed to furnish materials for a gas burning system for the plant of the Crawfordsville Shale Brick Co. The agreement contained a stipulation to the effect that the equipment company was to furnish the services of an experienced man during the necessary period of time to supervise construction and installation, and for such services

the brick company was to pay to said man the sum of $10.00 per day and was also to furnish sufficient and competent help in the prosecution of the work. The equipment company furnished to the brick company, Mr. Starbuck. During the installation of said system, said Starbuck was killed. The Industrial Board found that Starbuck was the employee of the brick company and awarded compensation to his dependents. The court discussed the evidence and cited authorities and concluded that the evidence was sufficient to sustain the action of the board.

We have read the evidence in the instant case and are convinced that it is not of such conclusive character as to force a conclusion contrary to that reached by the full Industrial Board. There is evidence from which the board could arrive at the conclusion reached by it, and under the recognized rules of this court we will not weigh the evidence.

Finding no reversible error, the award is affirmed and increased 5% pursuant to statute.

NOTE.—Reported in 37 N. E. (2d) 714.