DEARDORFF ET AL. *v.* CITY OF EAST CHICAGO.

[No. 17,130.   Filed October 22, 1943.]

*Sevald & Sevald,* of Hammond, for appellants.

*James V. Donadio* and *George P. Ryan,* both of Indianapolis (*Ross, McCord, Ice & Miller,* of Indianapolis, of counsel), for appellee.

DOWELL, J.—This was a cause brought by appellants as dependents of Raymond Deardorff, deceased, before the Industrial Board of Indiana, upon a claim for compensation for the death of appellant's decedent whose

death, it was alleged, was the result of an accident which arose out of and in the course of decedent's employment with the appellee, City of East Chicago, Indiana.

The cause was heard before a single member of the Industrial Board, resulting in a denial of compensation, whereupon, on application of appellant, it was reviewed by the full board, with the same result.

Appellants assign but one error, i. e., that the award of the full Industrial Board of Indiana is contrary to law. This assignment presents both the question of the sufficiency of the finding to support the award of the Industrial Board and of the evidence too support the finding. *Weir* v. *Coridan* (1941), 108 Ind. App. 589, 31 N. E. (2d) 83; *Prest-O-Lite Co., Inc.* v. *Stone* (1935), 100 Ind. App. 480, 196 N. E. 352.

The finding of the full Industrial Board has the same force as the finding of a court or the verdict of a jury and the question of whether appellants' decedent's death was the result of an accidental injury arising out of and in the course of his employment with the appellee, or was due to other causes was a question of fact for the determination of the board, and in considering the question of whether the evidence supports the finding of the board this court will consider only evidence favorable to the board's decision and inferences reasonably to be drawn therefrom; and whenever the board reaches a legitimate conclusion from all the evidence and from such inferences its finding cannot be reversed by this court even though we might prefer another conclusion equally legitimate. *McFarland* v. *Comm. Life Ins. Co.* (1939), 107 Ind. App. 13, 22 N. E. (2d) 881.

The evidence most favorable to the decision of the board is as follows:

Decedent was employed as an animal keeper by appellee at Washington Park in East Chicago, Indiana, where appellee maintained about seventy-six wild animals. Decedent's duty was to care for these animals and to clean their quarters. On May 6, 1941, decedent became wet, whether due entirely to rain which was falling at the time or to the breaking of a hose with which he was flushing the animal house, or to both causes, the evidence is in conflict. There is some testimony also that at the time said hose broke decedent fell, striking his side against an animal cage. Shortly thereafter, on the same day he returned to his home feeling ill, where he remained under the care of his wife until May 11, 1941, when he entered St. Catherine's Hospital, where he died on May 14th, of streptococcic blood stream infection which affected the gall bladder.

Decedent's personal physician testified that on May 5, 1941, decedent had consulted him professionally; that at that time he found decedent with a sore throat and a temperature of one hundred and four degrees, stomach sickness and other evidences of severe illness; that decedent gave him a history of three days' prior sickness with headache, sore throat and general tiredness accompanied by generalized body pain; that considering the sequence of events which transpired deceased had a very devastating type of blood stream infection which had been invading his entire blood stream prior to the date of his consultation; that the disease of pneumonia was not present.

Another of decedent's physicians who attended him briefly at the hospital during the absence of his regular doctor testified that there were no symptoms of pneu-

monia; that decedent was suffering with pain from an obstructive jaundice or gall bladder infection.

Both these physicians, as well as those produced by appellee, testified that a streptococcic infection is a definite disease entity in and of itself which does not depend on any outside source for its origin.

Expert testimony as to whether or not decedent's becoming wet or falling would bring about the condition which resulted in his death is conflicting, one physician testifying that it would, another very positively that it would not. This court is bound by the Industrial Board's findings of fact upon conflicting evidence. *Fox* v. *Banet* (1942), 111 Ind. App. 460, 40 N. E. (2d) 356.

Appellee's expert witness, Dr. Henry R. Alburger, made no examination of decedent but testified only in response to hypothetical questions propounded by appellee. Appellant complains that such testimony should not have been admitted; that it has no probative force or value for the reason that it was based upon hearsay evidence, i. e., decedent's hospital chart, which was not in evidence, and that it responded to a misstatement of facts made by appellee in propounding the hypothetical questions.

Conceding all this to be true for the purpose of appellant's argument we cannot see wherein appellant was harmed thereby. All facts had been submitted to the board by other witnesses. It was, therefore, not reversible error to admit in evidence answers to hypothetical questions based upon an erroneous assumption of facts. *Warren* v. *Indiana Telephone Corporation* (1940), 217 Ind. 93, 26 N. E. (2d) 399, affirming 109 Ind. App. 1, 24 N. E. (2d) 426.

The finding of the Industrial Board was to the effect that the plaintiff's decedent's death was not the result

of an accidental injury arising out of and in the course of his employment with the defendant but was due to other causes. It is sufficient to sustain the award that appellant take nothing and is sustained by sufficient evidence.

Award affirmed.

NOTE.—Reported in 50 N. E. (2d) 926.