OHIO FARMERS INSURANCE COMPANY OF LEROY, OHIO *v.* BORDEN ET AL.

[No. 18,134. Filed May 17, 1951. Rehearing denied September 27, 1951. Transfer denied December 20, 1951.]

*Slaymaker, Locke & Reynolds;* and *Hugh E. Reynolds,* all of Indianapolis, for appellant.

*Hugh W. Wickens* and *Hubert E. Wickens,* both of Greensburg; *Crawford & Crawford,* of Terre Haute, and *Hite & Beard,* of Greensburg, for appellees.

BOWEN, P. J.—This is an appeal from the award of the full Industrial Board of Indiana in favor of William H. Borden and against appellant, Ohio Farmers Insurance Company of Leroy, Ohio, and in favor of appellees, George W. Bausback and Ola Bausback and the Stand-

ard Fertilizer Company in a proceeding for compensation benefits on account of injuries sustained by appellee Borden in a fall from the roof of a barn located on a farm owned by the Standard Fertilizer Company, a corporation of which George Bausback was president, and Ola Bausback was secretary-treasurer. The Standard Fertilizer Company procured insurance from the appellant, Ohio Farmers Insurance Company of Leroy, Ohio, against loss and damage of wind storm through Clarence F. Smith, the agent of such insurance company. A wind storm had blown some shingles from the barn located on the farm of the Standard Fertilizer Company. After discovery of the wind storm loss, Mrs. Bausback called Mr. Smith, the agent of the appellant insurance company who had sold them the policy of wind storm insurance and told him that the storm had blown a lot of shingles off the barn, and the following conversation was had between such parties: "He said, 'Well, do you know of anybody who can put them on?' And I said 'No, I don't, not right now, although there is a man working down at the place, but I don't know whether he can do the work or not.' I told him we would have to put them on pretty shortly on account of the barn was full of hay and straw, and he said for Mr. Bausback to see if he could get those fellows and they could let them do the work and that they would take care of the bill." She also testified that nothing was said about material for the job.

The agent Smith testified in regard to the phone call from Mrs. Bausback as follows: "Mrs. Bausback called me in the morning and said that they had some shingles blown off of this roof and wanted to know about it, and I said how many shingles would it take and she said, 'Well, I can't answer that.' But I said, 'Well, you go ahead and have the barn repaired, and bring in the bill and I will send the claim through to the company

at Leroy, Ohio.' " And he further testified that he gave her authority to go ahead and have it repaired.

Appellee Borden's original claim for compensation named as his employer the appellee, George W. Bausback and Ola Bausback, and during the course of proceedings the Standard Fertilizer Company and the Ohio Farmers Insurance Company were each made parties defendant to the proceedings.

The full Industrial Board determined by its award that the claimant was not a casual employee and that the injury arose out of and in the course of his employment by the Ohio Farmers Insurance Company while repairing the barn under the directions of George Bausback under the authorization of an agent of the Ohio Farmers Insurance Company to repair an insurance loss thereon. From this finding an award of the full Industrial Board, the Ohio Farmers Insurance Company has appealed, assigning as error that the award of the full Industrial Board of Indiana is contrary to law, and that the finding of facts are not sufficient to sustain the award, and that the evidence is not sufficient. to sustain the findings of facts.

From the evidence, it appears that the appellee Borden at the time he was engaged to replace the shingles on the barn in question was an employee of the Standard Fertilizer Company which was a family corporation of the Bausbacks and had been engaged in repairing a milk shed and also some barn doors, for which he had been employed by the Standard Fertilizer Company through its president, George W. Bausback. The appellee, George W. Bausback, asked appellee Borden to repair the barn roof and Bausback bought the shingles and nails and delivered the ladder to the barn for the use on the roof. Appellee Borden and his nephew, Otto Borden, proceeded to replace the shingles on the barn roof and Borden fell and was injured dur-

ing the first hour he worked. The Standard Fertilizer Company paid appellee Borden his bill for labor on the barn roof job, at the same time it paid him on the milk shed and barn doors, and appellee, Ola Bausback, sent the bills for the labor and material on the barn roof repair job to the agent Smith who secured a check from appellant covering the full amount claimed, which Smith delivered to the Standard Fertilizer Company in payment of the loss under its policy of insurance.

The assignments of error present the question for our determination whether under the law the appellee Borden was an employee of the appellant, Ohio Farmers Insurance Company, at the time he sustained his injury. The Indiana Workmen's Compensation Act provides: "The term 'employee' as used in this act shall be construed to mean every person including a minor in the service of another, under any contract or hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer." §40-1701, Burns' 1940 Replacement.

At the outset, it is obvious that the instant case presents a situation where the appellee claimant was an employee of one of two employers, or of both jointly.

There is no question that the evidence shows that the appellee Borden fell from the roof of a barn owned by the defendant Standard Fertilizer Company, while repairing the same under the direction of George W. Bausback, president of said company. The question presented by the assignments of error is whether there is any evidence of probative value to support the finding of the full Industrial Board that the appellee Borden was employed by the Ohio Farmers Insurance Company at the time he sustained his accidental injuries.

The full Industrial Board found that "he fell from the roof of a barn owned by the defendant, Standard

Fertilizer Company, while repairing the same under the direction of the defendant, George W. Bausback, under authorization from an agent of defendant, Ohio Farmers Insurance Company, to repair an insurance loss thereon." The full Board also found and determined that "one Clarence Smith, an agent of appellant, Ohio Farmers Insurance Company, authorized to write insurance . . . and make minor adjustments of insurance claims, upon a report of a storm loss by defendant, directed that defendant *make or have made* the necessary repairs and submit to him their proof of loss which he would transmit to said defendant insurance company, and that such method of adjustment was pursued by George W. Bausback and Standard Fertilizer Company in the employment of plaintiff herein to make such insurance repairs.

Considering the evidence in the case, and the foregoing findings, is there evidence of probative value to support the further finding and judgment of the full Industrial Board that the appellee Borden was in the employ of defendant, Ohio Farmers Insurance Company?

The findings of the full Industrial Board, as the trier of the facts, must be upheld if they are sustained by competent evidence of probative value. Our Supreme Court, in discussing judicial review of findings of administrative agencies, stated: "If, however, it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the quantum of legitimate evidence was so proportionately meagre as to lead to the conviction that the finding does not rest upon a rational basis; or that the result of the hearing must have been substantially influenced by improper consideration, the order will be set aside, not because incompetent evidence was submitted, but rather because the proof,

taken as a whole, does not support the conclusion reached." *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 118, 26 N. E. 2d 399, 409; *Nash* v. *Meguschar* (1950), 228 Ind. 216, 91 N. E. 2d 361.

What are the evidentiary facts as to the relationship of the parties in this case? The appellee Borden, as found by the Industrial Board was working under the direction of George W. Bausback, President of the Standard Fertilizer Company, repairing a barn owned by such company. Smith, the agent of the appellant insurance company, as found by the Industrial Board, had directed that the Bausbacks make or have made these necessary repairs and to submit their proof of loss for such repairs. The defendant Standard Fertilizer Company operated the farm on which the barn in question was located partly as experimental farms for feeding and testing of tankage products and partly as a commercial farm. Appellee Borden was an employee of the Standard Fertilizer Company, and his employment consisted of making repairs to the farm property for the Standard Fertilizer Company for several weeks previous. President Bausback took the ladder and shingles to the barn and told Borden what he wanted patched. He was employed by the hour to do general carpentry repair, work on the milkhouses and barn, and about every day, he stated: "Mr. Bausback told us what he wanted done." There is no question but what the appellee Borden was in the general employment of the appellee, Standard Fertilizer Company.

The problem to be determined herein is whether there is any evidence of probative value to support a conclusion that the appellee Borden passed out of the services of the general employer and became the employee of the special employer, Ohio Farmers Insurance Company, by reason of the circumstances disclosed in

the record and findings. The agent of the insurance company had instructed the Bausbacks to repair the damage or have it repaired and to send proofs of loss. He inquired as to whether they could find someone who could put the shingles on, and added that if they would get "those fellows" to do it, they (the insurance company) would take care of the bill. The insurance policy contained a provision that the insurance company had the option to rebuild or replace property destroyed on giving notice of its intention so to do within thirty days after receipt of proof of loss. The appellees contend that the instruction to Mrs. Bausback and the circumstances created a situation where the insurance company was exercising its option to do the work under such provision of the policy, and that, therefore, the appellee Borden became the employee of the appellant, Ohio Farmers Insurance Company.

We do not believe that a reasonable conclusion could be indulged from the facts and circumstances of this case that appellee Borden passed out of his general employment for the Standard Fertilizer Company, and thereby became the employee of the special employer, Ohio Farmers Insurance Company, for the purpose of the repair in question. *Kuntzwiller* v. *City of West Lafayette* (1940), 108 Ind. App. 474, 29 N. E. 2d 1007; *Prest-O-Lite Co., Inc.,* v. *Stone* (1935), 100 Ind. App. 480, 196 N. E. 352.

The materials for this work were furnished by the Standard Fertilizer Company. Appellee Borden was kept on the payroll of the Standard Fertilizer Company and received his wages by the hour under his contract with the Standard Fertilizer Company. He was subject to recall for other work at all times by the Standard Fertilizer Company and was working under the direction of the president of such company. The instruction of the agent was insufficient to create a relationship of

employer and employee between the appellee Borden and the Ohio Farmers Insurance Company. Such company had no control over appellee, nor power to order or direct him in this work in question. Appellant did not pay him for the work, and it seems the evidence leads inescapably to the one conclusion that he was not an employee of the Ohio Farmers Insurance Company at the time he sustained the injuries in question. *Mid-Continent Petroleum Corp.* v. *Vicars* (1942), 221 Ind. 387, 47 N. E. 2d 972; *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65.

The finding of the full Industrial Board that appellee William H. Borden was an employee of the Ohio Farmers Insurance Company was erroneous, and the award against the appellant, Ohio Farmers Insurance Company, was contrary to law. This cause is reversed and remanded to the Industrial Board for further proceedings not inconsistent herewith.

NOTE.—Reported in 98 N. E. 2d 684.