CAROLYN J. ECKER *v.* JOHN R. ECKER.

[No. 3-873A110. Filed March 6, 1975.]

*Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellant.

*Glen J. Beams, R. David Boyer, Helmke, Beams, Boyer & Wagner,* of Fort Wayne, for appellee.

HOFFMAN, J.—This appeal arises from a child custody order entered by the trial court on a petition for change of custody. Petitioner-appellant Carolyn J. Ecker (Carolyn) appeals the award of her minor son to his father, appellee John R. Ecker.

Appellant first contends that the evidence herein fails to show a decisive change of conditions warranting a change in custody of the child. The evidence and reasonable inferences therefrom in the record of this cause which are most favorable to the appellee-father disclose, in part, the following facts:

Subsequent to her divorce, Carolyn began an illicit relationship with a certain man. This individual frequently spends the night with Carolyn, and they have engaged in sexual relations while her son, and a daughter from a previous marriage, are in the same apartment. Carolyn has left her children and others for whom she was babysitting (all under nine years of age) unsupervised while she searched for her boyfriend.

On one occasion she took her son on such a search, and when she found her paramour, exited her car while it was still moving, leaving her son inside. The boy attempted to follow her but was thrown to the ground by the door of the rolling car. The car then struck a tree, and another auto narrowly missed the child. On another occasion, she awakened her children at one o'clock A.M., on a sub-zero, snowy night and took them with her to search for her male friend.

Carolyn had a baby out of wedlock by this man following her divorce. She gave this child up for adoption. Carolyn also had another affair with a married man subsequent to her

divorce. Furthermore, she has attempted or threatened suicide on several occasions.

Appellate review of child custody determinations is limited to an ascertainment of whether the trial court has abused its discretion. See: *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, wherein the bases for this rule are fully explained.

The evidence outlined hereinabove and other facts in the record before us support the decision of the trial court. Appellant has failed to show an abuse of discretion by the trial court. *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N.E. 773; *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E. 2d 536.

The only other issue presented by this appeal is whether the trial court erred in allowing a hypothetical question to be answered which assumed a fact not in evidence. It is the rule in Indiana that the answer to a hypothetical question which assumes facts not shown to exist by the evidence or reasonable inferences therefrom cannot be proof of any issue in the case. *Harrison* v. *Daniels* (1970), 147 Ind. App. 666, 263 N.E.2d 288. However, even assuming, without deciding, that the hypothetical question in the case at bar was not based upon a reasonable inference from evidence in the record, the response to such question was more favorable to the appellant than the appellee. Because appellant has not been harmed, she cannot now be heard to complain of the admission of such answer into the evidence of this cause. *The Louisville, New Albany and Chicago Railway Company* v. *Miller* (1894), 141 Ind. 533, 555, 37 N.E. 343; *Scott* v. *Kell* (1956), 127 Ind. App. 472, 484, 137 N.E.2d 449, 450 (transfer denied).

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.