INDIANAPOLIS ELECTRIC SUPPLY COMPANY ET AL.
*v.* LUX.

[No. 10,722. Filed March 9, 1921. Rehearing denied June 3, 1921. Transfer denied January 4, 1922.]

1. APPEAL.—*Review.—Complaint.—Sufficiency.—Action on Appeal Bond.*—In an action on a bond on appeal from a judgment for return of property, complaint *held* sufficient to show an actionable breach of the bond. p. 288.

2. APPEAL.—*Review.—Harmless Error.—Making Special Finding Without Request.*—The making of a special finding in the absence of a request therefor is harmless, as it amounts merely to a general finding. p. 289.

3. APPEAL.—*Record.—Request for Special Finding.*—Where the special finding shows that it was made on request of one of the parties, it is not necessary that the request should appear elsewhere in the record. p. 289.

4. TRIAL.—*Special Finding.—Signing after Conclusions of Law.*—*Sufficiency.*—It is sufficient that a special finding is signed after the conclusions of law. p. 289.

5. APPEAL.—*Review.—Appeal from Order Disposing of Goods.*—*Jurisdiction of Trial Court.*—Where intervener in a receivership proceedings was found by the trial court to be the owner of, and entitled to, certain personal property, and the cause,

so far as concerned the disposition of the goods in dispute, was, in due course of procedure, being transferred to the Appellate Court, and bond on appeal from the trial court's order disposing of the goods had been filed, the trial court was wholly without jurisdiction over them, except to make such interlocutory orders as were necessary for their protection and preservation, and as would protect the interests of the parties pending the appeal, and any other order concerning the goods was void. p. 291.

6. APPEAL.—*Appeal Bond.—Burden of Appellants.—Judgment Disposing of Goods.*—The obligation of an appeal bond, given by appellants on appeal from an order that they return certain personal property to appellee, placed the burden on appellants to turn the goods over to appellee in event the judgment was affirmed, and there was no duty resting on appellee to follow the goods after the appeal bond was filed, as he had a right to rely thereon. p. 292.

7. APPEAL.—*Review.—Findings.—Sufficiency.—Failure to Include Void Orders.*—In an action on an appeal bond, given by appellants on appeal from an order that they return certain personal property to appellee, the court's findings were not insufficient because of failure to include facts concerning an order of the trial court concerning the disposition of the goods involved which was made subsequent to the filing of the appeal bond in the first appeal, and which order was void as not being within the jurisdiction of the trial court. p. 292.

8. APPEAL.—*Review.—Admission of Evidence.—Action on Appeal Bond.—Pleadings and Proceedings in Original Action.*—In an action on an appeal bond, it was not reversible error to admit in evidence the pleadings and proceedings in the cause in which such appeal bond was filed. p. 292.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Nicholas J. Lux against the Indianapolis Electric Supply Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*J. Fred Masters* and *Cheney & Tolen,* for appellants. *Little & Little* and *Frank S. Roby,* for appellee.

NICHOLS, J.—Action upon an appeal bond executed by appellant in the case of *Indianapolis Electric Supply Co. v. Trapschuh* (1916), 63 Ind. App. 120, 113 N. E. 99. After the judgment in that case was affirmed, appellee

demanded of appellant Indianapolis Electric Supply Company, and of the receiver appointed in that case, a return of the property therein involved, and upon failure and refusal of said appellant and said receiver to return the same or any part thereof, this action on the appeal bond was commenced. Appellants first complain that the court erred in overruling their demurrer to the complaint, for the reason that it does not show or allege that either of appellants took or converted any of appellee's goods nor that there was any breach of the bond.

It is averred in the complaint that the finding in the former trial was that appellee was the owner of the goods there and here involved, and for the return of such goods to appellee. On appeal from that judgment, the appeal bond which is sued on in this action was conditioned that appellant would duly prosecute its appeal and abide by and pay the judgment and costs which might be rendered or affirmed against it, and pay all damages which might be sustained by appellee, or the profits, waste or damage to the property described in the judgment, and pay the reasonable value of its use, and any damages it might sustain. It further appears by the complaint that after the former judgment was affirmed, appellee demanded of said receiver, and of appellant Indianapolis Electric Supply Company, that said property be returned to him, but that said receiver and said appellant failed and refused to return the same, or any part thereof, and that said property was converted and dissipated by said appellant acting through said receiver, and was thereby wholly lost to appellee, and that appellee thereby sustained damages in the sum of $2,500. The averments of the complaint clearly show a breach of the bond, and the demurrer to such complaint was properly overruled.

Appellants next say that the record does not show that there was any request for a special finding, and

that the court had no right to make a special find-
2-4. ing and state conclusions thereon unless requested
so to do. Though we grant all of appellants'
contention, still they were not harmed, for if the special
finding is invalid for any reason, it amounts simply to
a general finding, *McCray* v. *Humes* (1888), 116 Ind.
103, 18 N. E. 500, and as such it is sufficient to sustain
the judgment. The special finding shows that it was
made at the request of appellee. This was sufficient.
*Bodkin* v. *Merit* (1885), 102 Ind. 293, 1 N. E. 625. It
was signed after the conclusions of law. This was suffi-
cient. *Winstandley* v. *Breyfogle, Trustee* (1897), 148
Ind. 618, 48 N. E. 224.

It appears by the special finding that said receiver
on December 5, 1914, took charge of certain personal
property as the property of one Trapschuh. That on
December 7, 1914, the appellee filed his intervening pe-
tition in said former cause in said court, leave to do so
having been first granted to him by said court. Said
intervening petition averred that appellee was the
owner of and entitled to the possession of certain per-
sonal property situate at 129 East Ohio street, in the
city of Indianapolis, Indiana, which had been seized by
said receiver as the property of said Trapschuh and
which said property was in fact the property of appellee
and said property was described in "Exhibit A," which
was a part of the intervening petition.

It further appears by the finding that the court found
for the appellee on his intervening petition and that the
allegations therein contained were true—and that ap-
pellee was "the owner of and entitled to the following
personal property hereinafter referred to situated at
129 East Ohio street, in the city of Indianapolis, Marion
county, Indiana. It is therefore considered, adjudged
and decreed by the court that Nicholas J. Lux is the

owner and entitled to the possession of all the property specifically described and identified by 'Exhibit A,' filed as a part of defendant's intervening petition herein and that J. Fred Masters, as receiver herein, is ordered and directed to turn over and deliver to the said Nicholas J. Lux the possession of the property so described and identified in 'Exhibit A' of the intervening petition of Nicholas J. Lux, at or before noon on the 14th day of December and now here the court appoints F. V. White as clerk to the receiver to carry out said order." This finding is challenged but it is sustained by the evidence. The former judgment was not alternative in its nature as claimed by appellants. The evidence had shown that the goods had been identified with "Exhibit A" by tagging them "N. J. Lux." It was from this former finding and judgment that appellants' former appeal was prosecuted which induced the appeal bond in suit.

Appellants complain that the court failed to find certain further facts to the effect that after the former appeal and while the same was pending, "said receivership continued and that the said court, then and there having jurisdiction of the subject-matter and of the parties, ordered the said receiver therein to separate said goods in compliance with said order and to inventory, appraise and sell said goods and preserve said assets; that said receiver so separated said goods but found none therein belonging to appellee, so reported to the court and said court so found and confirmed and approved said report in all things which fully adjudicated the rights of the parties therein and settled the ownership of said goods in controversy in favor of said receiver, and ordered the proceeds arising therefrom distributed to creditors which was accordingly done and said receivership closed and that neither of appellants ever took any of said goods or broke the conditions of the bond sued on."

It is undisputed that at the time of the foregoing order the cause, so far as concerned the disposition of the goods in dispute, was, in due course of procedure, being transferred to the Appellate Court, and the appeal bond in suit had been filed. The transcript was thereafter, on February 20, 1915, filed in this court. The bond had taken the place of the goods the possession of which appellant electric company and the receiver had been ordered to turn over to appellee. If at the time of such order appealed from, there were no goods tagged for identification "N. J. Lux," and no goods belonging to appellee in said place of business, we are wholly unable to understand why at that time without filing the appeal bond, the doors were not opened, and a demonstration made of the fact that no. such goods were there. But appellants chose the course of an appeal and a disposition of the goods, or some goods, under an order of the court which so far as the goods involved are concerned, the court was wholly without authority to make. The effect of the appeal was to transfer the case so far as these goods were concerned, to this court. *The Indianapolis, etc., R. Co.* v. *Kibby* (1867), 28 Ind. 479; *Hogue* v. *State* (1902), 28 Ind. App. 285, 62 N. E. 656; *Salem-Bedford Stone Co.* v. *Hobbs* (1901), 27 Ind. App. 604, 61 N. E. 956; *Merrifield* v. *Cottage Piano Co.* (1909), 238 Ill. 526, 87 N. E. 379, and the trial court was wholly without jurisdiction over them, except to make such interlocutory orders as were necessary for the protection and preservation of the goods, and as would protect the interests of the parties pending the appeal. 3 C. J. §§1369, 1448. Any order except for such purpose must be held void. It can hardly be claimed that an order which directed the sale of the goods in dispute, and the distribution of the proceeds of the sale among the creditors, ignoring the rights of appellee, was a protection in any sense of his

interests.    The court had found that the goods
6.    were there and they had been, as appears by the
evidence, identified with "Exhibit A" by tagging.
The effect of such a finding and judgment could not be
nullified by the court's subsequent order made during
the pendency of the appeal.    If it be said that the goods
sold were not the goods tagged and identified and found
to be at the place named, this will not help appellants,
for the effect of the obligation of the appeal bond placed
the burden on appellants to turn the goods over to ap-
pellee in case the judgment was affirmed, as it was.
There was no duty resting on appellee to follow the
goods after the appeal bond was filed.    He had a right
to rely on such bond.

Having reached this conclusion we must hold that any
facts concerning the order made subsequent to the fil-
ing of the appeal bond was not in issue, and that
7, 8.    therefore the court did not err in failing to in-
clude such facts in the special finding.    There
was no reversible error in admitting in evidence, over
the objection of appellants, the pleadings and proceed-
ings in the former cause in which the appeal bond that
is the basis of this action was filed.    We find no revers-
ible error and the judgment is affirmed.