D. A. Y. CONSTRUCTION COMPANY *v.* SMALLWOOD ET AL.

[No. 16,032.   Filed November 2, 1937.]

*Murray & Mannon,* for appellant.

*Pursley & Peterson,* and *Max C. Peterson,* for appellees.

LAYMON, P. J.—This is an appeal from an award of the full Industrial Board awarding compensation on account of the death of appellees' decedent.

Appellant was engaged in the construction of concrete roads and bridges, and appellees' decedent was employed by appellant as transportation foreman. In the course of his duties a truck belonging to appellant was used by said decedent and a fellow workman, Beck, who was employed as a driver. On the day of the fatal accident Smallwood (appellees' decedent) had driven the truck to Lebanon, Ind., for the purpose of turning the truck over to Beck to be retained until the next working day, after which he intended to go to a nearby garage to obtain his own automobile. Upon reaching Lebanon Shallwood stopped the truck in the highway, alighted therefrom, and was fatally injured when he was run over by this same truck.

Proceedings were had before a single member of the Industrial Board and afterwards reviewed by the full board, who found, among other things, "that on November 28, 1936, while in the employ of the defendant . . . Robert R. Smallwood suffered an injury as the result of an accident arising out of and in the course of his employment," . . . and entered an award of compensation. Appellant perfected this appeal, assigning as error, that the award is contrary to law. Under this assignment appellant contends that the evidence is insufficient to sustain the finding that the fatal accident complained of arose out of and in the course of decedent's employment with appellant.

On the day in question, which was Saturday, Smallwood and Beck had been engaged in hauling material for their employer, and Smallwood had driven the truck to Lebanon. He stopped on state road 52 in Lebanon in front of a garage for the purpose of releasing the truck to his co-employee, Beck, instructing Beck to keep the truck until Monday morning. After releasing the truck and instructing Beck concerning it, Smallwood intended to go to a nearby garage and get his automobile in order to go to his home. After the truck was stopped Smallwood slid from the driver's seat and stepped to the ground. Before closing the door he said, "I will see you Monday." Beck, who was riding in the front seat, moved to the driver's seat and started the truck in motion. At this instant Smallwood attempted to take hold of the handle on the door to the driver's compartment for the purpose of telling Beck something, fell under the truck, and was fatally injured.

It is urged by appellant that the deceased employee had terminated his employment prior to the fatal accident and that therefore the accident did not arise out of and in the course of his employment.

This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it. *Granite Sand, etc., Co.* v. *Willoughby* (1919), 70 Ind. App. 112, 123 N. E. 194; *In re Ayres* (1918), 66 Ind. App. 458, 118 N. E. 386. It is also well settled that the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises. Artman's Manual p. 37, and cases cited; *Pace* v. *Appanoose County* (1918), 184 Iowa 498,

168 N. W. 916. In the case of *Wabash R. Co.* v. *Industrial Com.* (1920), 294 Ill. 119, 128 N. E. 290, the Supreme Court of Illinois, in a well-considered opinion, said (p. 122) : "... it is ordinarily held that if an employee is injured on the premises of the employer on going to or from work he is entitled to compensation for such injuries. . . . The employment is not limited to the exact moment when the workman reaches the place where he begins his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident." *Jeffries* v. *Pitman-Moore Co.* (1924), 83 Ind. App. 159, 147 N. E. 919.

There is no contention that Smallwood was not in the employment of appellant up to the moment he had alighted from the truck, but appellant does contend that the moment he had stepped from the truck to the street his employment ceased; that although Smallwood attempted to attract the attention of his co-employee and attempted to take hold of the handle on the door of the driver's compartment for the purpose of telling Beck something, it was not disclosed what he intended to tell the driver (Beck) ; that no reasonable inference could be drawn therefrom to the effect that Smallwood was performing some duty incidental to his employment; and that appellees had not discharged their burden of proving that the fatal accident complained of arose out of and in the course of decedent's employment with the appellant. While there is some merit to appellant's contention due to the fact that the evidence is silent as to what Smallwood intended to tell Beck, such failure is not decisive here for the reason that under the circumstances, as shown by the record, Smallwood was entitled to remove himself from the truck in such a manner and to such a place so

as not to be endangered by reason of the movement of the truck, before his employment ceased. It is apparent that Smallwood was exposed to a certain amount of hazard in alighting from the truck while it was stopped in the highway with the motor running and a driver at the wheel preparing to start the truck in motion. This hazard was incidental to the employment and a hazard to which said decedent would not have been exposed apart from his employment.

The words "by accident arising out of" the employment, as used in the Workmen's Compensation Act should be liberally construed, so as to accomplish the humane purposes of the act. Under this rule, which has been adopted by numerous decisions of this court, a construction of the act that would limit its benefits to the time when the injured workman in the instant case had stepped to the highway, without extending to him full and complete safety from all risks and hazards incidental thereto, would be too narrow.

It is evident that the board found that the accident occurred before Smallwood had removed himself from the hazards incidental to the movement of the truck and that his injury was occasioned thereby. Since there is evidence to support such a finding, we are not permitted to disturb it.

There was some evidence from one witness that Smallwood started to walk away from the truck after alighting, but upon an examination of the evidence as a whole, we find that this fact is in conflict.

We conclude that the evidence is sufficient to sustain the finding that the accident arose out of and in the course of the employment.

Award affirmed and increased 5 per cent as required by statute.