WHITE v. SPENCER CARDINAL CORPORATION.

[No. 16,335. Filed February 28, 1939.]

*Charles & Charles,* for appellant.

*Brown, Campbell & Gemmill, Philip C. Richman,* and *John A. Bachl,* for appellee.

DeVoss, J.—This is an appeal from an award of the full Industrial Board, denying compensation to appellant on her application filed with said board on the 29th day of April, 1938, wherein, as a dependent of Virgil D. White, she claimed compensation from appellee on account of an injury, resulting in the death of said Virgil D. White, which injury arose out of and in the course of his employment with appellee.

On September 26, 1938, after considering an application for review of an award theretofore made by one member of the board, the full board, by a majority of its members, made its finding and order herein, the pertinent part of which is as follows: "And the Full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised herein, now finds that on February 27, 1938, one Virgil D. White was in the employ of defendant (appellee) at an average weekly wage of $19.65; that the said Virgil D. White died on February 27, 1938; that at the time of his death the said Virgil D. White was living with Bessie White, his wife, who was wholly dependent on him for support; that on April 29, 1938, the plaintiff herein (appellant) filed her application for the adjustment of claim for compensation, and the Full Industrial Board, by a majority of its members, now finds for the defendant and against the plaintiff on all other material allegations of plaintiff's complaint.

## ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana, by a majority of its members, that plaintiff shall take nothing by her complaint herein

and that she shall pay the costs of this proceedings."

From this finding and order of the full board, ■ plaintiff appeals and assigns as error that, "the judgment and award of the Full Industrial Board is contrary to law."

Under the "Workmen's Compensation Act" this assignment of error is sufficient to present both the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts. *Hunt* v. *Gutzwiller Baking Co.* (1937), 104 Ind. App. 209, 9 N. E. (2nd) 129.

As stated by appellant, the controverted questions are "whether the injury received by decedent, Virgil D. White, arose out of and in the course of his employment with appellee and if such injury was so received, whether the same was the cause of his death."

These questions arise under the first specification of appellant in her application for compensation filed before the Industrial Board, which reads as follows:

"1. That on the 27th day of February, 1938, Virgil D. White died as a proximate result of personal injuries received by him on the 27th day of February, 1938, by reason of an accident arising out of and in the course of his employment by the above named defendant in performing his duties as night-watchman and foreman for the defendant."

Other specifications in appellant's application for compensation necessary for consideration herein read as follows:

"6. Description of accident and cause of injury: Decedent died as the result of a blow or blows and other bodily injuries received late at night while acting within the scope of his said employment."

"12. Nature of injury: Severe blow to lower right abdominal wall, abrasions and bruises and contusions

over other parts of the body; death probably caused by a massive internal hemorrhage."

The record discloses that plaintiff's decedent, Virgil D. White, was in the employ of defendant on and prior to February 27, 1938, as a night watchman and foreman; that on February 26, 1938, he went to his work and that on the next morning, Sunday, he was found lying on the ground between the coal shed and boiler room where his services required him to be. That the grounds of the defendant were partially fenced in with a wire fence, but the gateway to the grounds was always open and accessible to any person desiring to enter the yard; that there were some tracks on the ground made by a vehicle and also some marks made by the decedent while dragging himself along the ground. That when found, said decedent was in an unconscious condition and unable to talk coherently, and that he was removed to his home on February 27, 1938, where he died at 3:15 o'clock P. M. on said day.

There was no direct testimony by any witness as to how or when the alleged accident happened. The widow of decedent testified that she knew of no injury to him until he was brought home.

There was testimony to the effect that the tracks present at the time the decedent was found were made by appellee's own trucks in the day time, and that the decedent was found lying west and south of the boiler room door; that a wheel barrow pointing toward the boiler room door had about three shovels full of coal in it and that the shovel lay across the wheel barrow "just like it had been put there."

The record further discloses that an autopsy was performed on the body of decedent on the afternoon of his death, and that four doctors were present, and that a second autopsy was performed on February 28, 1938,

and that the same four doctors were present, together with an additional doctor.

The only parts of decedent's body examined at the first autopsy were the organs in the trunk and chest, and the second autopsy included an examination of the organs in the trunk and chest and also the head and brain.

Four of the doctors testified that from their examinations it was their opinion that decedent's death was caused by a massive internal hemorrhage which was a direct result of a severe blow to the lower right abdominal wall. There was testimony to the effect that decedent had heart trouble, that his heart was a half larger than normal, and that such heart trouble could cause death and that ordinarily it did cause death in 15 per cent of such cases.

One of the doctors testified that in his opinion the decedent suffered a paralysis and after such paralysis he received the injury to the abdominal wall, which injury would not of itself be fatal, and that thrombosis occurred prior to the injury; that the injury could have been caused by falling on the coal after the deceased was attacked by the paralysis.

There was further testimony that decedent had been found prior to this time in a "bad" physical condition, unable to continue his work and that he was sent home in a taxi and that he was off about a week. There was further evidence that decedent had been relieved from work on account of rheumatism in his legs for two or three weeks.

On an appeal from an award of the full Industrial Board, this court will look only to the evidence most favorable to the finding of facts on which the award is based, for the purpose of determining the sufficiency of the evidence to sustain the award. This court will not weigh the evidence on appeal

from such an award and it is bound by the finding of facts made by the board in cases when the evidence is conflicting. The Industrial Board has the power to determine the ultimate fact in the case and if in doing this it reaches a legitimate conclusion upon the evidential facts, this court will not disturb that conclusion, though it might prefer another conclusion equally legitimate. In order to arrive at a contrary conclusion we cannot weigh the evidence, neither can we ignore any reasonable inference which the Industrial Board may have drawn from the facts which the evidence tends to establish. *Jackson Hill Coal & Coke Co.* v. *Slover* (1936), 102 Ind. App. 145, 199 N. E. 417; (and other cases cited.)

The burden of establishing each fact necessary to a legal award rests on the applicant. *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676.

The Industrial Board, in determining whether such burden has been discharged, may not only weigh the evidence, but may also draw reasonable inferences from such facts as it deems established thereby. When the Industrial Board has discharged its duty in this regard and has reached a conclusion as to the ultimate facts which have or have not been established, and has embodied such conclusion in a finding of facts as the statute requires, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Roush* v. *W. R. Duncan & Son et al.* (1933), 96 Ind. App. 122, 183 N. E. 410.

As stated in the case of *Millholland Sales, etc., Co.* v. *Griffiths* (1932), 94 Ind. App. 62, 68, 178 N. E. 485, "We must also remember that the law puts the burden on the applicant of establishing each fact necessary to a legal award of compensation.

and that the proof by which such burden is discharged must be based on something more than mere guess, conjecture, surmise or possibility."

Having in mind the principles of law as stated herein above it devolves upon this court to say, before the award herein can be set aside, that the evidence presented is so conclusive in its character as to compel a conclusion contrary to that reached by the full Board.

We have read all of the evidence. It is not without conflict, as to material issues. Some of the evidence tends to establish the fact that death was caused by a massive internal hemorrhage as a direct result of a blow to the lower right abdominal wall, while other evidence tends to establish the fact that decedent suffered a total paralysis of the right side and that thereafter he received an injury to the abdomen by falling to the ground, which injury of itself would not be fatal. As stated hereinbefore there is no direct evidence as to how, when or where the injury to the abdomen did occur. That phase of the matter would necessarily be left to conjecture and inference entirely.

We are of the opinion that from the evidence submitted reasonable men might draw different conclusions and that the evidence is not of such a character as to compel a conclusion contrary to the reached by the full Board.

The award of the full Board is affirmed.