STANLEY ET AL. *v.* RIGGS EQUIPMENT COMPANY, INC.

[No. 19,558.  Filed December 14, 1961.  Rehearing denied February 14, 1962.]

*Robert R. Robbins* and *William F. Lawler,* both of Anderson, for appellants.

*Murray, Mannon, Fairchild & Stewart, Richard E. Guthrie* and *James J. Stewart,* all of Indianapolis, for appellee.

COOPER, J.—This matter comes to us from a finding and denial of an award made by the Full Industrial Board of Indiana for judicial review.

The record before us reflects that the proper Industrial Board procedure was followed by all the parties interested, and, after a final hearing before the entire Full Board, the following pertinent findings and denial of the award were made:

". . . The Full Industrial Board. of Indiana having heard the arguments of counsel and having reviewed all the evidence in said cause and being duly advised in the premises, now finds:

"That on October 29, 1957, plaintiff's decedent, Gerald C. Stanley, was in the employ of the defendant herein at an average weekly wage in excess of $60.00;

"It is further found that on October 29, 1957, said Gerald C. Stanley received personal injuries in an automobile accident and that on October 29, 1957, said Gerald C. Stanley died as a result of injuries received in said accident;

"It is further found that said Gerald C. Stanley left surviving him his widow, Alice Roe Stanley, and his minor children, Joed Lee Stanley, Janet Sue Stanley and Karen Eileen Stanley, all of whom were living with him and wholly dependent upon him at the time of his death;

"It is further found that on October 2, 1958, pursuant to disagreement, the plaintiffs filed with the Industrial Board of Indiana their Form 10 application of dependents of deceased employee for adjustment of claim for compensation; and that prior to the filing of said application a good faith effort was made to adjust said disagreement;

"It is further found that the death of said Gerald C. Stanley did not result from an accident arising out of and in the course of his employment with the defendant.

"Said Full Industrial Board now finds for the defendant and against the plaintiffs on plaintiffs' Form 10 application filed with the Industrial Board on October 2, 1958.

## "A W A R D

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiffs take nothing on their Form 10 application filed with the Industrial Board on October 2, 1958, and that the plaintiffs shall pay all costs, if any, assessed in this cause."

Within the time allowed, the appellant filed his transcript of record and assignment of errors which are as follows:

"1. The said award of the Industrial Board of Indiana is contrary to law.

"2. The said award of the Industrial Board of Indiana is not supported by sufficient evidence."

The second assigned error presents no question for our consideration as such because §40-1512, Burns', 1952 Repl., provides, in part:

". . . An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

See also *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915; *Rhoden et al.* v. *Smith, etc. Elec. Co.* (1939), 107 Ind. App. 152, 23 N. E. 2d 306.

Furthermore, the finding of the Industrial Board being a negative one against the appellant and by such finding the said Board determined that the appellant had not sustained the burden of proof by evidence of probative value. Such finding cannot be successfully attacked on the grounds that there was a lack of evidence to support it, for a denial of an award against a party having the burden of proof does not rest upon the quantum of evidence. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116; *Scott* v. *Steene School Twp.* (1950), (T. D. 1951), 121 Ind. App. 206, 95 N. E. 2d 308.

The appellant herein contends that the "Compensation Act" shall be liberally construed on behalf of the complainant. We agree with that contention; however, such liberal construction does not relieve such claimant from the burden of proving every ultimate fact which is necessary to establish his claim in order to legally justify the Industrial Board in granting an award. *Ziegler* v. *Tipton Lumber Co.* (1958), 128 Ind. App. 249, 252, 147 N. E. 2d 679; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 96, 21 N. E. 2d 65.

We also agree with the appellant's contention that whether or not an alleged injury may arise out of and in the course of a claimant's employment depends upon the particular fact and circumstances of each case, *and the pertinent law applicable thereto.*

In reviewing the pertinent Act, we find that §40-1202, Burns' 1952 Repl., provides, in part:

"... every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death *by accident arising out of*

*and in the course of the employment, and shall be bound thereby; . . ."* (Our emphasis)

In the case of *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, at 373, 44 N. E. 2d 998, in discussing the foregoing portion of the statute, this court stated:

"It will be noted that under this section of the statute an injury to be compensable must both arise out of and be in the course of the employment. Neither alone is enough.

"In the case of *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. (2d) 499, we discuss rules that have been applied in a number of decisions in this and other jurisdictions for the purpose of determining whether the particular injury by accident was one 'arising out of' the employment.

"In the case of *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762, this court quotes from *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, 147 N. E. 919, the following definition of when an accident occurs 'in the course of' the employment:

" 'This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it.

"In the same opinion this court uses the following language in defining when an accident 'arises out of' the employment:

" 'Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and a performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the

time of entering into it, or, when the facts show an incidental connection between the conditions under which the employee works and the injury.'

"The phrase 'in the course of' points to the place and circumstances under which the accident takes place and the time when it occurs.

"In the case of *City of Chicago* v. *Industrial Com.* (1941), 376 Ill. 207, 210, 33 N. E. (2d) 428, the Supreme Court of Illinois distinguishes between the two phrases in the following language:

" 'The words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words "in the course of" refer to the time, place and circumstances under which the accident occurs.'

"In the case of *D. A. Y. Construction Co.* v. *Smallwood* (1937), 104 Ind. App. 277, 10 N. E. (2d) 750, this court adopts the definition set forth in *Lasear* v. *Anderson, supra,* as to when an accident occurs 'in the course of' the employment."

Therefore, under the foregoing doctrine, it is not sufficient to merely show employment and an injury during the period of employment, but the claimant must go further and show by evidence having probative value that the injury had its origin in a risk connected with the employment and that it flowed from that source as a rational consequence. The factual question before the Board was, did the appellant prove facts by evidence having probative value from which a reasonable inference could be drawn that the decedent at the time of the accident in the performance of his duties for appellee for which he had been employed to do and whether the duties so being performed at the time of the accident for the benefit of employee were required by, or incidental to, the task he was employed to perform as a heavy equipment operator? *Rohlwing* v. *The Wm. H.*

*Block Company* (1953), 124 Ind. App. 97, 104, 115 N. E. 2d 450.

A concise statement of the evidence in the transcript of record before us most favorable to the appellee reveals that Gerald Stanley sustained fatal injuries in an automobile accident which occurred on the public highway in the front of the premises of his employer, The Riggs Equipment Company; said premises were used as a yard and office in the operation of an excavation and steel erection business in the city of Anderson, Madison County, Indiana. The decedent Stanley was a heavy equipment operator, and, for some time prior to the accident, had been working on a job for his employer in Elwood, Indiana. It appears at the time of the accident the decedent was operating his own motor vehicle and said accident occurred approximately at 4:20 p.m. on October 29, 1957. It also appears that the decedent was alone and had worked at his regular job at the Elwood site on the date of the fatal accident. It also appears that Stanley's regular working hours were from 7:30 a.m. to 4:00 p.m.; that he kept his own time records which he was required to turn in on Wednesday evening, or Thursday morning of each week, although some times they were turned in at the end of each day. The employer did not furnish transportation to and from the respective job sites. An employee's time normally began when he arrived, and ended when he left the place where he was working.

On the other hand, there is evidence in the record that it was the practice of the decedent to return to his employer's place of business an average of two or three times per week for various reasons, among those were for the purpose of picking up grease, fuel, replacement parts for break-downs, replacement cables,

turn in his time tickets, and on each of these occasions, the decedent was driving his own automobile and he would place such supplies in the trunk of his automobile to convey them to the job site. Under the foregoing factual situation, it was the prerogative of the Board to determine whether or not at the time of the accident the decedent was in the course of his employment. It is a factual situation upon which different men could arrive at different conclusions.

It is the general rule of law in Indiana that this court cannot disturb the decision of the Board, unless reasonable men will be bound to reach a different conclusion on the evidence. *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 116 N. E. 2d 650.

This general rule is also well stated in the case of *Vendome Hotel* v. *Gibson* (1952), (T. D.), 122 Ind. App. 604, at 608, 105 N. E. 2d 906, wherein this court stated:

"In Professor Small's Workmen's Compensation Law of Indiana, §6.15, p. 144, the rule which should guide our decision is stated as follows:

" 'Such acts as are reasonably necessary to the life, comfort, and convenience of a workman, though personal to himself, and not technically acts of service, may be incidental to service. If so, an accident occurring in the performance of such an act is deemed to have arisen out of the employment.'

"This rule has been generally recognized by this Court, our Supreme Court, and a majority of the appellate tribunals of this country. The question presented here is primarily one of fact. Therefore, we should not disturb the finding of the Industrial Board unless the record is such that reasonable men could only reach a conclusion opposite that of the Board."

It is always the prerogative of the Board, as the trier of the facts, to weigh the evidence and to reconcile any conflicts and inconsistencies appearing therein. The Board, in the cause now before us, having performed that duty, we are not authorized to weigh the evidence, nor to substitute our own deductions for that of the Board. *Ziegler* v. *Tipton Lumber Co., supra.*

By reason of what we have heretofore stated, and "in the light of that state of the record and under the tremendous volume of judicial declarations forbidding us so to do, we are powerless to disturb the finding of the Board." See *Couch* v. *Harmon, etc.* (1959), 129 Ind. App. 459, 463, 157 N. E. 2d 303, 305.

Under the evidence in the record before us and the law applicable thereto, we are not in a position to state, as a matter of law, that the award of the Full Board is contrary to law, and therefore, the finding of the Board must be affirmed. In so doing, we must not be understood as holding that we would have reversed an award for the appellant upon the same evidence.

Award affirmed.

Ax, J., Myers, J., Ryan, C. J., concur.

NOTE.—Reported in 178 N. E. 2d 766.