BURGER CHEF SYSTEMS, INC. *v.* WILSON

[No. 170A7. Filed October 15, 1970.]

Theodore L. Locke, Jr., Edwin J. Bunny, Locke, Reynolds, Boyd & Weisell, of counsel, of Indianapolis, for appellant.

Thomas J. Corey, of Indianapolis, for appellees.

HOFFMAN, P.J.—This is an appeal from an award of the Full Industrial Board of Indiana ordering appellant-Burger Chef Systems, Inc., to pay death benefits to appellees, the dependent parents of Samuel L. Wilson, Jr., deceased, a sixteen year old employee of appellant.

The issue presented by this appeal is: Did the accidental death of appellant's employee arise out of and in the course of his employment as required by statute?[1]

The facts in the record before us are as follows:

On October 26, 1968, Samuel L. Wilson, Jr., the deceased, went to the Fairgrounds Burger Chef where he was employed. His purpose was to attend a *compulsory* monthly meeting and pick up his paycheck. The meeting was presided over by the general manager of that Burger Chef and afterwards the paychecks were given out. At the meeting they discussed cleanliness, efficiency, being friendly to customers and speeding-up service. The purpose of the meeting was to train, motivate and inspire the employees to put forth their best efforts and bring to that restaurant a trophy which is passed around monthly to the outstanding Burger Chef.

After the meeting was over and as the deceased, his brother Robert and two boys named Gilbert and Wilbert Baker were walking away, the manager called to "Bobby" Wilson—the

---

1. Acts 1963, ch. 387, § 1, p. 1025, Ind. Stat. Anno., § 40-1202, Burns' 1965 Repl.

deceased's brother—but all four boys returned to the back door. The manager wanted to, and did, tell Robert to call him the next day—a Sunday—and he would inform him what hours he was to work the following week. The Baker boys returned with the Wilson brothers because in the past the manager had, on occasion, confused their names and they were not sure who he wanted.

The four boys and the manager stood in a closely knit group on the patio near the back door of the building talking—mainly about Burger Chef. They talked about the store itself, cleanliness, efficiency and speeding up the line.

While the group was still relatively close together Gilbert Baker displayed a loaded pistol which he had taken from his pocket. The manager took the weapon, and while in the process of unloading and reloading it a shot was accidentally fired fatally wounding Samuel L. Wilson, Jr., who was on the patio approximately ten to fifteen feet from the back door.

The time lapse between the manager adjourning the compulsory meeting and the accident was approximately five to ten minutes. At no time did the boys leave appellant's premises.

Appellant's sole assignment of error, that the award of the Full Industrial Board is contrary to law, is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. *Hunt* v. *Gutzwiller Baking Co.*, 104 Ind. App. 209, 9 N. E. 2d 129 (1937) ; *White* v. *Spencer Cardinal Corp.*, 106 Ind. App. 338, 19 N. E. 2d 866 (1939).

In reviewing an award of the Full Industrial Board this court will not weigh the evidence. A finding of fact by the Board, when supported by competent evidence, is conclusive and an award based thereon will not be disturbed on appeal. *Kariger Motors, Inc.* v. *Kariger, et al.*, 132 Ind. App. 85, 173 N. E. 2d 916 (1961) ; *Pittsburgh*

*Testing Laboratories* v. *Kiel,* 130 Ind. App. 598, 167 N. E. 2d 604 (1960) ; *Kiddie Knead Baking Co.* v. *Bolen,* 106 Ind. App. 131, 17 N. E. 2d 477 (1939).

Appellant argues that because the meeting was over, the deceased had his paycheck, had been told the he could leave, had left, and *he* was not called back, Samuel L. Wilson, Jr. was not in the course of his employment at the time of the fatal injury.

In support of its position appellant cites numerous cases, none of which are analogous on the facts and, therefore, are not decisive of the issue presented in this appeal.

The Workmen's Compensation Act should be liberally construed. Judge Pfaff, speaking for this court in *Indiana Toll Road Comm.* v. *Bartusch,* 135 Ind. App. 123, at 127, 184 N. E. 2d 34, at 36 (1963), (Transfer denied), stated:

> "The words 'by accident arising out of and in the course of the employment,' as used in the Workmen's Compensation Act, . . . should be given a broad and liberal construction in order that the humane purpose of their enactment may be realized." (Citing authorities). See also: *Prater* v. *Indiana Briquetting Corporation,* 253 Ind. 83, 251 N. E. 2d 810 (1969) ; *Marshall* v. *Tribune-Star Publishing Co.,* 142 Ind. App. 556, 236 N. E. 2d 508, 14 Ind. Dec. 184, (1968), (Transfer denied, 243 N. E. 2d 761, 16 Ind. Dec. 378) ; *United States Steel Corporation* v. *Brown,* 142 Ind. App. 18, 231 N. E. 2d 839, 12 Ind. Dec. 263 (1968), (Transfer denied).

However, the burden of establishing each fact necessary to support the award of the Board is upon the applicant. Inferences made from the established facts must be based on something more than mere conjecture, speculation, surmise or possibility. *Prudential Life Insurance Co.* v. *Spears,* 125 Ind. App. 21, 24, 118 N. E. 2d 813 (1954), (Transfer denied) ; *Rohlwing* v. *The Wm. H. Block Company,* 124 Ind. App. 97, 102, 115 N. E. 2d 450 (1953) ; *Mishawaka Rub. & Woolen Mfg. Co.* v. *Walker,* 119 Ind. App. 309, 314, 84 N. E. 2d 897 (1949), (Transfer denied).

Our Supreme Court in *E. I. DuPont, etc.* v. *Lilly,* 226 Ind. 267, at 271, 79 N. E. 2d 387, at 388 (1948), adopted the following statement from *Country Club* v. *Industrial Com.,* 387 Ill. 484, at 488, 56 N. E. 2d 786, at 788 (1944) :

" 'An injury may be said to *arise out of the employment* when, upon consideration of all the circumstances, there is apparent to the rational mind a *causal connection* between the conditions under which the work is required to be performed and the resulting injury," (Emphasis supplied.) See also : *United States Steel Corporation* v. *Brown, supra.*

The words *in the course of employment* as used in the Workmen's Compensation Act refer to *the time element* rather than causation. Speaking of this requirement this court in *Reed, et al.* v. *Brown, et al.,* 129 Ind. App. 75, at 82, 152 N. E. 2d 257, at 259 (1958), (Transfer denied), stated:

"The employment is not limited to the exact moment when the workman reaches the place where he is to begin his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident." See also: Small, Workmen's Compensation Ind. Law. § 7.7, at 170.

On the day of the accident Samuel L. Wilson, Jr. went to his place of employment to attend a *compulsory* meeting and to pick up his paycheck. Approximately ten minutes after the meeting was adjourned during which time Samuel L. Wilson, Jr. never left the premises of his employer, he was fatally wounded by a gunshot fired accidentally by his employer's manager. Also, during the period of time between adjournment and the accident the deceased along with the other boys and the manager talked mostly about cleanliness, efficiency, and speeding up the work process—all of which pertained to the employment relationship.

It is the well-established law in this State that the question

of whether or not an accident *arose out of,* and *in the course of employment* will be governed by the particular circumstances and facts in the record. *Reed, et al.* v. *Brown, et al., supra; Payne, Director* v. *Wall,* 76 Ind. App. 634, 132 N. E. 707 (1921) ; *Indian Creek Coal, etc. Co.* v. *Wehr,* 74 Ind. App. 141, 127 N. E. 202 (1920). Small, Workmen's Compensation Ind. Law, § 7.7, at 170, *supra.*

In other words, the determination of whether the injury arose out of and in the course of employment is a question of fact to be determined by the Full Industrial Board. Based upon the record before us the Board found that the accidental death of Samuel L. Wilson, Jr. did arise out of and in the course of his employment. The record contains sufficient competent evidence to support its finding and, therefore, it is conclusive and the award of the Full Industrial Board must be affirmed.

Award of the Full Industrial Board of Indiana is affirmed.

Lowdermilk, C.J., Sharp and White, JJ., concur.

Pfaff, J., not participating.

NOTE.—Reported in 262 N. E. 2d 660.