HARRISON STEEL CASTINGS COMPANY *v.* BENNIE O. DANIELS

[No. 470A49. Filed November 4,1970.]

*James V. McGlone, Stuart, Branigin, Ricks & Schilling,* of Lafayette, for appellant.

*John R. Walsh,* of Anderson, *Dwight S. Beckner,* of New Castle, for appellee.

HOFFMAN, P.J.—This is an appeal by defendant-employer, Harrison Steel Castings Company, from an award by the Full Industrial Board of Indiana to plaintiff-appellee, Bennie O. Daniels. After hearing on appellee's Form 9 application the Hearing Member of the Industrial Board entered an award of two weeks' temporary total disability and 75 weeks' permanent partial impairment for a complete loss of hearing in the left ear, in favor of appellee. Thereafter, a review was had before the Full Industrial Board which entered an award identical to the award entered by the Hearing Member.

The facts in the record before us may be summarized as follows:

On January 17 and 18, 1966, appellee was working the 10:30 P.M. to 7:00 A.M. shift as a grinder. He was working in the vicinity of other grinders when "a spark" went into his left ear, which burned and caused him pain. Appellee suffered no loss of hearing at that time and continued working until 7:00 A.M., January 18, 1966, completing his shift.

When appellee went home his left ear was still burning and hurting. He then cleaned up, and while seated for breakfast his left ear "popped." Since that moment appellee has been totally deaf in his left ear.

On the same day appellee was sent by appellant to Dr. Wendell A. Weller, who examined his left ear and removed "several small, round metallic looking bodies laying on the floor of the left external auditory canal." Dr. Weller testified that "the tympanic membrance[1] on the left side appeared in tact [intact] and without evidence of injury."

---

1. More commonly called the eardrum.

Appellee was allowed to go home but he testified that the doctor told him, "Now, if you start getting dizzy, nauseated, stuff like that, get you [yourself] over here."

The next day appellee did become dizzy and nauseous and was hospitalized from January 19, 1966, until February 3, 1966, under the care of Dr. Weller. He was released for work on February 7, 1966, and last seen by Dr. Weller on April 22, 1966. Dr. Weller diagnosed the *cause* of appellee's loss of hearing as a "vascular situation" not related to the "spark" incident.

Dr. Howard R. Searight examined appellee on June 19, 1969, and at that time determined that the left eardrum was intact, *though very scarred,* and there was a complete loss of hearing in the left ear. In response to a hypothetical question propounded to Dr. Searight he stated that in his medical opinion "a piece of steel or a foreign body striking the eardrum and penetrating the vestibule, and entering, can cause these kinds of physical findings." It is this opinion-testimony of Dr. Searight that appellant attacks in this appeal. There is no dispute that appellee was struck in the left ear by small pieces of metal on January 17 or 18, 1966. Neither is there a dispute that this accident arose out of and in the course of appellee's employment.

The issue to be decided by this court is whether there is competent evidence of probative value from which the Full Industrial Board could find that the small pieces of metal removed from appellee's left ear canal *caused* the loss of hearing.

Appellant contends that Dr. Searight's opinion-testimony is based upon a fact not in evidence, *i.e.,* penetration of the eardrum, and, therefore, such testimony could not be considered by the Board. Appellant argues that without Dr. Searight's opinion-testimony the record is completely devoid of any evidence on an essential element of appellee's case—causation. Appellant contends that the evidence, without Dr.

Searight's opinion-testimony, viewed in a light most favorable to appellee, leads to only one conclusion, that being contrary to the one reached by the Full Industrial Board.

Appellant's sole assignment of error is that the award of the Full Industrial Board is contrary to law. This assignment of error is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. *Deardorff* v. *City of East Chicago,* 114 Ind. App. 102, 104, 50 N. E. 2d 926 (1943) ; *White* v. *Spencer Cardinal Corp.,* 106 Ind. App. 338, 341, 19 N. E. 2d 866 (1939) ; *Hunt* v. *Gutzwiller Baking Co.,* 104 Ind. App. 209, 212, 9 N. E. 2d 129 (1937).

The evidentiary rule upon which appellant relies is well established in the law. It is clear that a hypothetical question which is based upon a fact not in evidence cannot be proof of any issue. *Viant* v. *Town of Lowell,* 117 Ind. App. 354, 356, 72 N. E. 2d 239 (1947) ; *Magazine* v. *Shull,* 116 Ind. App. 79, 88, 60 N. E. 2d 611 (1945), (transfer denied) ; *Town of Newburgh* v. *Jones,* 115 Ind. App. 320, 324, 58 N. E. 2d 938 (1945).

The testimony is uncontroverted that a loss of hearing due to the sparks would be very unusual unless the eardrum was punctured. The question for this court to decide is whether there is competent evidence in the record to allow the Board to find that the eardrum was punctured, notwithstanding Dr. Weller's testimony that it "appeared in tact [intact] and without evidence of injury." If the evidence or any reasonable inferences that could be drawn therefrom—exclusive of the opinion-testimony of Dr. Searight—support the decision reached by the Board then the award must be affirmed. In such situation the opinion-testimony of Dr. Searight would have been based upon facts in evidence and the Board could have considered it. To the contrary however, if, as appellant asserts. there is no evidence of probative value—other than the opinion-testimony of Dr. Searight—which tends to show a causal relationship between the "spark"

incident and appellee's loss of hearing, then the award of the Full Industrial Board must be reversed.

The rules governing appellate review of the findings of the Industrial Board are well stated in *Davis* v. *Webster*, 136 Ind. App. 286, at 291-292, 198 N. E. 2d 883, at 885-886 (1964), 'wherein Judge Hunter, speaking for this court, stated:

> "Quite often proceedings in this court which challenge the correctness of the findings and orders of administrative bodies are designated and referred to as appeals, however such proceedings are in fact not civil appeals in the ordinary sense of the word, but rather are judicial reviews of the findings and orders of an administrative agency. In such a case, the finding of the administrative agency is conclusive and binding as to all conclusions of fact if such findings are premised upon evidence or reasonable inferences to be drawn therefrom. In determining the correctness of the finding of the Industrial Board this court must accept only the evidence most favorable to the appellee. [Citing authorities.]
>
> "Further, the rule is well established that the Appellate Court may not reverse the finding of the Industrial Board unless the evidence and all reasonable inferences to be based thereon are of such a conclusive nature as to force a contrary decision. [Citing authorities.]
>
> "This court under the law cannot reverse the findings of the Industrial Board on fact issues unless it conclusively appears that the evidence upon which the Industrial Board acted was devoid of probative value; or that the quantum of legitimate evidence was so proportionately inadequate and meager as to show that the finding could under no circumstances rest upon a rational basis, or the result must have been substantially influenced by improper considerations."

In an attempt to strengthen its contention that there is no proof of causation appellant argues that because of the very intricate and complicated structure and workings of the human ear, especially the inner ear, the question of causation must be decided by medical testimony and not the chain of events and circumstances surrounding the incident. We reject appellant's contention. Medical testimony is very often

extremely helpful in the proof of a case, especially workmen's compensation. Appellant has not furnished us with any decision, and we have been unable to find any expression of this court or our Supreme Court in which it was held that only medical testimony was to be considered and all other evidence lacked probative value.

Ultimate facts need not be proven by any particular class or kind of evidence. If there are facts and circumstances proven in the case from which the essential ultimate facts may reasonably be inferred, this court will not disturb such finding, though other and different facts might be inferred therefrom by other minds equally as fair and reasonable. *Bimel Spoke, etc., Co.* v. *Loper,* 65 Ind. App. 479, 487, 117 N. E. 527 (1917). See also: *Seifer Furniture Co.* v. *Taff,* 115 Ind. App. 187, 57 N. E. 2d 943 (1944); *Magazine* v. *Shull, supra.*

A search of the record before us reveals the following evidence most favorable to appellee. Prior to January 17 and 18, 1966, appellee was in reasonably good health and had no trouble hearing—in either ear. At the time of the "spark" incident appellee experienced pain and a burning sensation in his left ear. Less than eight hours later appellee's left ear "popped" and he has been deaf in that ear ever since. On that very day (January 18, 1966) pieces of metal foreign bodies were removed from the external auditory canal of his left ear. At that time and later Dr. Weller did not see any damage to the eardrum. The next day, January 19, 1966, appellee became nauseous and dizzy, and was admitted to the hospital where he stayed until February 3, 1966. An examination approximately three years later by Dr. Searight revealed that the left eardrum was scarred. There is no evidence that anything happened to appellee's left ear during the period of time between the examination by Dr. Weller and the examination by Dr. Searight. Both doctors agreed that a scarred eardrum indicated damage to the eardrum at some time. The only evidence which negates the finding

of the Board on causation is the testimony of Dr. Weller that "the tympanic membrane on the left side appeared in tact [intact] and without evidence of injury." With all due respect to the ability and integrity of Dr. Weller we do not think that his testimony is of such moment that it should override the facts and circumstances surrounding the "spark" incident and the loss of hearing in the instant case.

It is the law in Indiana that the burden of establishing each fact necessary to support the award of the Board rests upon the applicant. We recognize that inferences made from the established facts must be based on something more than mere conjecture, speculation, surmise or possibility. *Prudential Life Ins. Co.* v. *Spears*, 125 Ind. App. 21, 24, 118 N. E. 2d 813 (1954), (transfer denied) ; *Rohlwing* v. *The Wm. H. Block Company*, 124 Ind. App. 97, 102, 115 N. E. 2d 450 (1953).

In the instant case the Full Industrial Board found that the "spark" incident caused appellee's loss of hearing. From the evidence in the record before us such conclusion could be found without resorting to mere conjecture, speculation, surmise or possibility.

Our decision that the evidence, without Dr. Searight's opinion-testimony, is sufficient to support the Board's finding that the loss of hearing was caused by the incident in question renders moot appellant's contention that the Board could not consider Dr. Searight's opinion-testimony. Implicit within the Board's finding of a causal connection is the fact that the pieces of metal did injure appellee's eardrum as evidenced by the scarring detected by Dr. Searight.

Assuming however, that the opinion-testimony of Dr. Searight does not meet the strict requirements of the evidentiary rule, it is well to keep in mind that this is an Industrial Board case. As stated by this court in *McCoy* v. *General Glass Corp.*, 106 Ind. App. 116, at 119, 17 N. E. 2d 473, at 474 (1939) :

"The Industrial Board is an administrative body, not a court, so the strict rules enforced in courts of law respecting the admission of evidence do not apply to such ■ board, so the admission of incompetent evidence by the Industrial Board will not operate to reverse an award, *if there be any basis in the competent evidence to support the award.* Under such circumstances, the admission of incompetent evidence is regarded as harmless error." (Citing authority.) (Emphasis supplied.) See also: Small, Workmen's Comp. Ind. Laws, § 12.6, at 386.

We wish to commend counsel for appellant on the excellent presentation of this appeal. However, an adoption of the contentions of appellant would substitute the first examining and treating physician in the place of the individual Hearing Member, the Full Industrial Board, this court and our Supreme Court—at least in a case such as this where the employee cannot see, or know from his own senses, just what has happened to him. The Legislature did not intend such a result when the Workmen's Compensation Act was enacted.

The award of the Full Industrial Board is affirmed.

Lowdermilk, C.J. and White, J., concur.

Pfaff and Sharp, JJ. not participating.

NOTE.—Reported in 263 N. E. 2d 288.