WOODLAWN CEMETERY ASSOCIATION *v.* JAMES T. GRAHAM.
[No. 1270A284. Filed September 30, 1971.]

*Douglas E. Miller, Barrett, Barrett & McNagny,* of Fort Wayne, for appellant.

*Edgar A. Grimm, Grimm & Grimm,* of Auburn, for appellee.

HOFFMAN, C.J.—This is an appeal from an award of the Full Industrial Board of Indiana ordering appellant-Woodlawn Cemetery Association to pay appellee-James T. Graham benefits for 100% permanent partial impairment for the loss of an eye.

The employer-appellant asserts that the award of the Full Industrial Board is contrary to law in three particulars:

  I. In finding that the accident arose out of the employment.
 II. In finding that the accident arose in the course of the employment.
III. In finding that the medical expenses were $2,317.80.

The sole error assigned, *i.e.,* that the award of the Full Industrial Board is contrary to law, presents both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. *Harrison Steel Castings Company* v. *Daniels* (1970), 147 Ind. App.

666, 263 N. E. 2d 288, 290, 23 Ind. Dec. 378; *White* v. *Spencer Cardinal Corp.* (1939), 106 Ind. App. 338, 19 N. E. 2d 866.

When reviewing an award of the Full Industrial Board this court may not weigh the evidence. A finding of fact by the Board, when supported by competent evidence, is conclusive and an award based thereon will not be disturbed on appeal. *Burger Chef Systems, Inc.* v. *Wilson* (1970), 147 Ind. App. 556, 262 N. E. 2d 660, 662, 23 Ind. Dec. 174; *Kiddie Knead Baking Co.* v. *Bolen* (1939), 106 Ind. App. 131, 17 N. E. 2d 477.

In *Davis* v. *Webster* (1964), 136 Ind. App. 286, at 291, 198 N. E. 2d 883, at 885, Judge Hunter, speaking for this court, stated:

"In determining the correctness of the finding of the Industrial Board this court must accept only the evidence most favorable to the appellee." See also: *Harrison Steel Castings Company* v. *Daniels, supra.*

The record contains the following evidence most favorable to the employee-appellee:

Appellee-Graham and two fellow-workers approximately 18 years of age worked together in appellant-Woodlawn's cemetery. Upon their arrival for work in the morning these three young employees would be assigned a certain area in the cemetery to mow the grass and trim around the grave markers. After completing an area they would return to the "shed" and their supervisor would instruct them further as to their duties. Typically, after completing their work in each section, this threesome would "take a break" and go "get a drink of water" before resuming their duties.

At approximately 10:30 A.M., on July 25, 1968, Graham and his fellow-workers finished mowing around the grave markers in the area assigned and "went to the pump in the back of the cemetery to get a drink of water." After refreshing themselves, the young workers sat down at the edge of a gravel and stone road which ran through the cemetery.

Graham picked up a stone and "flipped" it into the road, about three or four feet from his fellow-workers. The other two employees picked up some stones and started throwing them. Graham "yelled" for them to quit throwing the stones at him, but they continued to "pepper" stones at him after he had taken refuge behind a tombstone. Graham threw no rocks at his fellow-workers and does not know which of the two threw the first rock at him. While crouched behind the tombstone he again cried out asking that they quit throwing stones at him.

While trying to come out from behind the tombstone Graham was struck in the right eye by a stone which had been thrown by one of his fellow-workers. The injury thus sustained caused a complete loss of vision in his right eye.

I. In support of its contention that the accident did not arise out of the employment, Woodlawn contends that the employees were engaged in "horseplay." The second of the three[1] prerequisites to a compensable injury *arise out of the employment,* relates to the problem of causation. When, to a rational mind, there is a causal connection between the conditions under which the work is required to be performed and the injury which resulted, it may be said to have arisen out of the employment *E. I. DuPont, etc.* v. *Lilly* (1948), 226 Ind. 267, 271, 79 N. E. 2d 387; *Burger Chef Systems, Inc.* v. *Wilson, supra.*

With regard to "horseplay," it is a matter of common knowledge and concern to employers of men working together that they will occasionally indulge in moments of diversion from their work to play pranks or each other. Because of this fact the risk of accident is necessarily increased, and this increased risk is a risk of the employment. *Chicago, etc. R. Co.* v. *Clendennin* (1924), 81 Ind. App. 323, 327, 143

---

1. The first is "by accident" and the third is "in the course of the employment." See: IC 1971, 22-3-2-2, Ind. Ann. Stat. § 40-1202 (Burns 1965).

N. E. 303. Small, Workmen's Compensation Ind. Law, § 6.9, at 135.

Thus, unless Graham is barred by "horseplay," an injury caused by this increased risk of employment does arise out of the employment.

In support of its contention that "horseplay" is a bar to recovery Woodlawn cites *Block* v. *Fruehauf Trailer Division Fruehauf Corp.* (1969), 146 Ind. App. 70, 252 N. E. 2d 612, 19 Ind. Dec. 489. *Block* is clearly distinguishable from the instant case. In *Block* the employee was injured while actively engaged in the "horseplay," and it was not disputed that just prior to the time the employee fell and was injured he had given chase, indeed, had thrown his gloves at the "prankster." The majority opinion of this court at 615 of 252 N. E. 2d, stated:

> "It is certainly true that one who is the innocent victim of another's prank may be compensated. In re Loper, 64 Ind. App. 571, 574, 116 N. E. 324 (1917); Western Union Tel. Co. v. Owens, 82 Ind. App. 474, 146 N. E. 427 (1925)."

While we might question the logic and the theoretical basis for denying compensation to a participant, (See: Small, Workmen's Compensation Ind. Law, § 6.9, at 136-7), the issue is not presented in this appeal. The record in the instant case contains competent evidence to support what is implicit within the award, *i.e.*, appellee-Graham was an innocent victim. An award based upon competent evidence will not be reversed on appeal. *Burger Chef Systems, Inc.* v. *Wilson, supra; Kiddie Knead Baking Co.* v. *Bolen, supra.*

II. Woodlawn argues that because Graham was on a "break"—getting a drink of water—when he was injured, the accident did not arise in the course of his employment. In *D.A.Y. Construction Co.* v. *Smallwood* (1937), 104 Ind. App. 277, at 279, 10 N. E. 2d 750, at 751, we said:

> "This court has correctly held that an accident occurs in the course of the employment, within the meaning of the

compensation act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it." *Stanley* v. *Riggs Equipment Co., Inc.* (1962), 133 Ind. App. 86, 92, 178 N. E. 2d 766; *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, 375, 44 N. E. 2d 998.

In *Holland, etc. Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, at 549, 116 N. E. 330, at 331, this court stated:

"Such acts as are necessary to the life, comfort and convenience of the workman while at work, though personal to himself, and not technically acts of service, are incidental to the service; and an accident occurring in the performance of such acts is deemed to have arisen out of the employment. Such acts are regarded as inevitable incidents of the employment, and accidents happening in the performance of such acts are regarded as arising out of and in the course of the employment." *Indianapolis Electric, etc. Co.* v. *Lux* (1922), 77 Ind. App. 286, 130 N. E. 153 (transfer denied).

There is sufficient competent evidence in the record before us to support the conclusion that Graham, without provocation or participation on his part, was injured by a rock thrown by a fellow-worker. The incident occurred while Graham and his fellow-workers were taking a mid-morning break for a drink of water and a brief rest. Although this court, sitting as the Full Board, may have reached a different conclusion, it is not our function to weigh the evidence but only to determine whether there is sufficient competent evidence to support the finding of the Board. *Burger Chef Systems, Inc.* v. *Wilson, supra; Kiddie Knead Baking Co.* v. *Bolen, supra.*

III. Woodlawn argues that the amount of medical expenses in the award of the Full Industrial Board, $2,317.80, is in error. It is the contention of Woodlawn that the bills in plaintiff-appellee's Exhibit "A," which are a part of the record, total $1,583.65. We have totaled the figures contained in the record before us and reach a total of $1,618.65. We are con-

fronted with a situation in which the parties stipulated, on two occasions, to a figure which does not agree with the record on appeal. In order to do justice and be certain that the award gives no more, or no less, than the amount of medical expenses incurred, this appeal should be remanded to the Full Industrial Board for a determination of the proper amount of medical expenses with instructions to amend the award in accordance with their findings. In all other respects the award of the Full Industrial Board should be affirmed.

In accordance with IC 1971, 22-3-4-8, Ind. Ann. Stat., § 40-1512[2] (Burns 1965) the award of the Full Industrial Board shall be increased by five per cent.

Award affirmed and his cause remanded to the Full Industrial Board for a determination of the proper amount of medical expenses and the amendment of the award accordingly.

Sharp, J., concurs; Staton, J., concurs in result; White, J., concurs in result with opinion in which Staton, J., concurs.

## CONCURRING OPINION

WHITE, J.—While I am convinced that the injured employee-appellee is entitled to compensation the award is nevertheless contrary to law. The "finding of facts on which it is based"[1] contains no finding of the facts necessary to support the conclusion that his accident was one "arising out of and in the course of his employment." The full board's failure to find the facts is pointed up by the majority opinion's attempt to distinguish *Block* v. *Fruehauf, etc.* (1969), 146 Ind. App. 70, 252 N. E. 2d 612, 19 Ind. Dec. 489, by alluding to assumed factual differences which presumably made Block a participant in horseplay while implying that Graham, the employee here,

2. "An award of the full board affirmed on appeal, by the employer, shall be increased thereby five per cent [5%], and by order of the court may be increased ten per cent [10%]."

1. Required by IC 1971, 22-3-4-7, which is Ind. Ann. Stat. § 40-1511 (Burns 1970).

was an innocent victim, possibly because (as this court, not the full board, found) he yelled for the others to stop the rock throwing he had initiated. None of those distinguishing "facts" were found by the board in either case and we really do not know why the board denied compensation to Block yet awarded it to Graham. Until we require the board to "find the facts" on which it concludes that one employee's accident arises out of and in the course of his employment while another's does not, we will never know whether the board has drawn the correct conclusion of law. *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337, 343, 16 Ind. Dec. 704, 711; *Block* v. *Fruehauf Trailer Division, Fruehauf Corporation* (1969), 146 Ind. 70, 252 N. E. 2d 612, 616, 617, 19 Ind. Dec. 489, 494, 506, dissenting opinions; *Miller* v. *Barrett* (1971), 148 Ind. App. 685, 269 N. E. 2d 772, 778, 25 Ind. Dec. 547, 556, second opinion.

The result reached and the futility of dissent induce me, albeit quite reluctantly, to concur in the result.

Staton, J., concurs.

NOTE.—Reported in 273 N. E. 2d 546.